Judge Green
delivered his opinion.
This is an action in the name of the Governor, at the relation of the appellant, upon the official bond of P. B. Whiting, Sheriff of Gloucester, against the appellee, the administrator of one of the sureties. The bond bears date January 2d, 1797; and one of its conditions is, that if P. B. Whiting should “ well and truly execute and due return make of all process and precepts to him directed, and in all things shall truly and faithfully perform and execute the said office of Sheriff during the term of his continuance therein, then the aforesaid obligation to be void, or else to remain in full force and virtue ” The declaration, after setting forth the bond and condition, assigns for breaches of the condition, that sundry executions were delivered to P. B. Whiting, which he failed to return, and that for such failure, the relator recovered against him sundry fines upon motion, the judgments for whjch fines remain in full force and unsatisfied. The defendant demurred to the declaration, and pleaded, in bar to the action, the judgments for fines against the Sheriff, which Were set out in the declaration; to which the plaintiff demurred. The defendant also pleaded conditions performed, upon which issue was taken. Upon the trial of the issue, the plaintiff offered in evidence copies of the records of the judgments for fines set out in the declaration, and the copy of a record of a suit in Chancery, in which the Sheriff was plaintiff, and the *319 relator in this action was defendant. The plaintiff in Chan-eery, in his bill (which was sworn to) admitted that he had received the executions, for the failing to return which, the judgments for fines had been given, and that he had failed to return them in due time; and, after stating an excuse for not returning them, alleged that he had returned them before the filing of his bill. The object was, to injoin the judgments for fines. The injunction was awarded and dissolved in 1817. The defendant’objected to this evidence as inadmissible, and the Court rejected it. The jury found for the defendant, and the plaintiff excepted to the opinion of the Court rejecting the evidence.
The first question which presents itself on this record is, whether the sureties of the Sheriff are responsible for fines imposed upon their principal, upon motion for failing to return executions, and whether those fines can be recovered in an action on the Sheriff’s bond. This, it seems to me, was the only question intended to be presented by the plaintiff. The delivery of the executions, and the failure to return them, seems to be slated only as matter of inducement, to shew the grounds upon which the fines were imposed, and not as the gist of the complaint. Neither the time when the executions were issued and delivered to the Sheriff, is stated, nor is any venue laid as to-those facts, nor is it alleged how long the Sheriff failed to return them, nor that they were never returned.
At the common law, the failure of an officer to return process when ruled to do so, was a contempt for which he was punished, at the discretion of the Court, by fine or imprisonment, or by both. This was, in its nature, a criminal proceeding, and in the name of the King, to punish an offence to the public. It was no bar to the remedy of the party injured, by action against the Sheriff for the damages arising from his default. The fine belonged to the King; 2 Vin. Mr. 434, pl. 11; but, in practice, one-third of it was in England, given to the party aggrieved, Rex v. Cudmore, Cumb. 250. Nor could any Court impose a fine to the party grieved. 2 Vin. Abr. 452.
*320 In 1748, 5 Stat, at Large, 517, an Act passed imposing a fine upon the Sheriff, for failing to execute and return process, of 1000 pounds of tobacco, one moiety to the King, the other to the party grieved, to be recovered by ac(-¡on 0f jg^t or information in any County Court in the Colony, and providing that he should be further liable to the action of the party grieved, at the common law, for his or her damages.
In 1753, 6 Stat. at Large, 344, it was enacted, that for failing to return an execution, the Sheriff might be fined upon ten days notice, (without prescribing how notice was to be given,) by the Court from which the execution issued, at its discretion, in a sum not exceeding 10Í. which fine should be for the use of the plaintiff in the execution, with a proviso, that he should, notwithstanding the fine, be liable to the action given, and the penalty inflicted by the Act of 1748.
In 1792, 13 Stat. at Large, 378, an Act passed reciting that it was doubtful how judgment should be rendered against an officer failing to return an execution, and providing, that upon motion by the party injured, the Court might fine him in any sum not exceeding 5 per cent, per month, for the time of his failure to make the return.
In 1794, it was enacted, that the executors and administrators of a Sheriff or other officer, and his sureties, and their executors or administrators, should be liable to the like fine and penalty, recoverable in the same manner as was by law directed against a Sheriff himself failing to return an execution.
The proviso in the Act of 1748, reserving his common law remedy for damages to the party injured by the failure of a Sheriff to execute and return process, proceeded from an excess of caution, and was unnecessary. That right would have remained without any such reservation. A debt might have been wholly lost by such failure, and the spo. ¡fie penalty to be recovered by a qui tarn action, could not have been construed to deprive the party of his origi *321 nal right to full satisfaction for all damages suffered by the default of the officer. This new penalty would have been justly considered as cumulative; and the same princi. pie of construction applies to all the subsequent Statutes upon the’subject. - •.
The fine imposed upon an officer for a failure to return process, either at the common law, or by the Statute, was in its nature, a punishment for a personal offence, and not a satisfaction to the party injured for the damage thereby sustained by him, and ought to be graduated by the degree of delinquency, and not by the damage done to the party; for, as to that, he had another and appropriate remedy. The nature of the fine, was not changed by giving it to the party grieved, under the Statute, any more than by giving one third of it to the party, at common law. “ When a Statute imposes a penalty for a contempt, as the contempt is personal, so is the penalty.” Lane, 107. Ac. cordingly, whilst the executors of the Sheriff and his sureties were responsible, under his official bond, for the actual damage to the party by the. Sheriff’s failure to execute and return process, they were not responsible for the penalty imposed by the Act of 1748, or the fines imposed by the Acts of 1753 and 1792. And so the Legislature considered it; for, in 1794, they extended the fines and the remedy, upon motion to assess and recover them, to the executors of the Sheriff and to his sureties and their executors; and it is by.virtue of this Statute only, that they can be responsible for fines. Indeed, it was only by virtue of the Act of 1755, 6 Stat. at Large, 483, that a party injured, could sue on the official bond of the Sheriff; and this remedy was confined to the recovery of “all damages which he may have sustained by reason of the breach of the condition of the bond.”
Does the Act of 1794, make the fine and penalty recoverable by suit lipón the bond ? ' I think not. The Act of 1755, only authorises the recovery of thé damages actually suffered by the default of the officer. Suppose a *322 debt to be wholly lost by such default. Could the creditor recover in an action on the bond, not only the whole debt and interest, (which is the utmost extent of his damages>) but a fjne at the discretion of the jury, and not of the Court, or fines previously assessed by the Court? The sureties are only bound by, and to the extent of, the terms of their obligation, and that, as well as the Statute authorising the suit on the bond, only binds them to the extent of the actual damage. They are under no legal or moral obligation to answer further. Upon what principle the Legislature considered them liable beyond this, it is hard to perceive; and.the law subjecting them to a responsibility beyond their engagement, for fines upon motion, and a penalty recoverable in a qui tam action, and not upon their bond, is so harsh, that it ought to be construed strictly, and the remedy confined rigorously to the terms prescribed by the Statute. The surety, therefore, is not responsible in this action, for the fines imposed upon the Sheriff.
Here the case should have ended; and the demurrer to the declaration should have been sustained, unless the declaration were susceptible of the construction, that the general averment, that the executions were delivered to the Sheriff, who failed to return them in due time, was the gist of the complaint, and the allegation of the judgments against the Sheriff for fines, mere surplusage: that the suit was to recover damages actually.sustained by the Sheriff’s failure to return the executions, and not the amount of the fines. This seems to have been the construction given to the declaration, by the Court below; and it is perhaps susceptible of that construction. The generality of the averment of the delivery of the executions to the Sheriff, and of his failure to return them, would have been fatally- objectionable upon a special demurrer, but not on a general demurrer. An averment of a breach of the condition of the bond, although it may not entitle the plaintiff to all he demands, will entitle him to recover what he is legally entitled to in consequence of the breach. This question, *323 however, is not intended to be decided, as it is not neeessary to the decision of the cause.
It remains, therefore, to enquire, whether the evidence offered to prove the breach of the condition, by shewing that the Sheriff had.received the executions and failed to return them, was properly rejected.
The judgments were not evidence of these facts, as against the sureties, in any degree. They did not per se bind them. It was res inter alios acta, and emphatically so, for the sureties had no more interest in the subject of these judgments than any other strangers. But, if they could have been proper evidence in any possible state of things, they were properly excluded, upon the ground upon which the admissions made by the Sheriff, in his bill, were excluded; that they were not the best evidence which the nature of the case admitted. This is an inflexible rule.
Inferior evidence can never be received, when it appears that better evidence is in the power of the party. Thus, no admissions of a party can be received to prove a matter of record; and the admissions of the party, that he had executed a bond, is not competent to prove its execution, if there be a subscribing witness. If he can be procured, he must be produced; if not, his hand-writing must be proved as the next best evidence to his testimony on oath.. In the same bill in which the Sheriff admits the receipt of the executions, and his failure to return them in due time, he states that they were returned. The plaintiff giving in evidence this bill as the confession of the Sheriff, was bound, in a Court of Law, to take it altogether, unless he could disprove it in any particular. The moment, therefore, that it appeared that record evidence existed of the issuing of the executions and of their delivery to the Sheriff, the inferior evidence of his confessions became incompetent. If the executions had not been returned, and thus become a part of the records of the Court, or if the returns did not shew the failure of the-Sheriff to return them in due time, tHen his confessions would have been admissible, to *324 shew, in the one case, that they 'were issued, and that he had and failed to return them in time, and in the other, to shew that he had not returned them in time. In such a state of things, those facts could only have been provet] by parol evidence; and when parol evidence is admissible, the confessions of one of several persons jointly bound, are competent and prima facie evidence against the others. It was argued, that although the evidence of the records was necessary, yet the confessions were competent evidence, and should have been admitted; and that non constat but that the plaintiff gave, or was ready to give, the records in evidence. If he gave, or was ready to give, this evidence, it should have been stated in the bill of exceptions; and if it appeared that parol proofs' were necessary to supply any fact not appearing by the record, the confessions would have been admissible for that purpose. Otherwise, such a course would utterly frustrate the rule of law requiring the best evidence which the nature of the case admits.
The judgment should be affirmed.
Judges Carr and Co alter concurred, and the judgment was affirmed.*