# Peter Moore, plaintiff in error, *vs.* William G. Ross, defendant in error.

### *Error to Desmoines.*

The defendant by pleading over, waives his objections to the overruling of the demurrer.

The court may properly award full costs on a judgment for nominal damages in replevin.

The statute declaring that no more costs than damages shall be recovered, is complied with by including the value of the property replevied.

This was an action of replevin brought by Ross against Moore, for the unjust detention of a lot of hops, two hundred and fifty pounds, of the value of $500. The defendant demurred to the plaintiff's declaration, specially, first, because there was a variance between the writ and the declaration, the writ being in the *detinet* and the declaration in the *detinuet*, and the return of the writ not showing replegiari faci. Second the property sought to be replevied not being sufficiently described.— Third, there being no sufficient venue. Fourth, that said declaration charged the defendant with detaining 250 pounds of hops of plaintiff, worth $500.

Afterwards, to wit, on the same day, on motion, the plaintiff had leave to amend his declaration; by inserting " in two sacks," and on the same day the defendant's demurrer was overruled. Afterwards, on the same day, the defendant filed his avowry that the detention of the hops was as bailiff or carrier, &c., for the purpose of transporting said hops from St. Louis to Burlington, &c., &c. To which there was a replication.

The case was submitted to a jury on the 12th March, 1842; verdict.

" We, the jury do find for the plaintiff and assess the damages $000." Judgment that the plaintiff have and recover of the defendant the sum of fifteen dollars and six cents, the costs, &c.

The defendant brought the case here upon writ of error.

Errors assigned :

1. In overruling the demurrer of the plaintiff in error, and because there was no sufficient description of property in the declaration.

2. In giving judgment for costs against the plaintiff in error, in as much as there was no verdict on which to found said judgment.

51

3. In giving judgment for costs against the plaintiff in error, the action being in tort, in as much as the jury found no damages against plaintiff in error, &c.

Woods, for plaintiff in error.

Rorer, for defendant in error.

Per Curiam, Mason, Chief Justice.—We will first consider the subject of the demurrer filed in the court below. We think that by pleading over the defendant waived his objections to the overruling of the demurrer. See 1 Scam's. Reports, 222, 310, 281 & 471. This rule will not prevent a review and correction of such errors as are vital and which can be reached by a writ of error, without the filing of any demurrer. But for formal defects we think it will be better to compel the parties to stand to their demurrers or waive their objections.

But the point which seems to be most confidently relied upon by the plaintiff in error is, that the court erred in rendering full costs—there having been less than fifty dollars damages found by the jury.

The rule contended for by the plaintiff in error, would be unjust and unreasonable. The justices' act limited the jurisdiction of the magistrate to cases where the value of the *goods and chattels* wrongfully detained, was not more than fifty dollars. The bare damages for wrongfully detaining property of the value of thousands of dollars, would often be less than fifty dollars, so that if the construction contended for be the true one, the most outrageous wrongs and impositions might be perpetrated, and then all remedy denied to the injured party, except at his own costs.

But such is not the natural construction of the statute upon which the plaintiff in error relies. That statute declares:

"That in all actions of tort, brought originally in any of the District Courts of this territory, if the plaintiff recovers less than fifty dollars, such plaintiff shall recover no more costs than damages;" Acts of 1840-41, page 21.

The question of costs here is dependant not upon the amount of *damages*, but upon the whole amount recovered. This in the present case was a large amount of hops claimed by the plaintiff below, to be worth $500,00. Had he not given bond and been put into possession of these hops, the suit might still have progressed and the value of the hops might then have been a part of the damages recovered. See acts of 1838-9, pages 209 & 400, sections 11, 15, 21. In such cases he would

clearly have been entitled to full costs, if the whole amount of the recovery exceeded fifty dollars. By giving bond and getting possession of his property at once, his right to costs is not placed in jeopardy.

It may be objected that in this case there is nothing to show that the full value of the property recovered exceeds fifty dollars, but the simple answer to this is, that he who seeks a reversal, must himself make out and demonstrate some positive error in the proceedings below.

Judgment affirmed.