ISAAC W. MITCHELL, APPELLANT, vs. F. R. COTTEN, EXECUTOR, APPELLEE.

ON PETITION FOR REHEARING.

[After the decision of the foregoing case of Mitchell vs. Cotten, and on the last day of the term of the Court, the counsel for appellee filed a petition for a rehearing in said cause, assigning therefor, in substance, the following reasons :]

1st. That the Court erred in deciding that the matters and things and defence set up in the sixth plea did not constitute a bar to the plaintiff's right of recovery :

1st. Because at the first trial of said cause, the said sixth plea was demurred to—the demurrer was overruled by the judgment of the Court, and afterwards the plaintiff replied to said plea.

2d. Because, after issue joined thereon at said first trial, verdict was found thereon for the defendant.

3d. Because, at the first trial of said cause in this Court, at January term, 1848, it was assigned for error, that the Court below erred

in overruling the demurrer to said sixth plea ; whereupon this Court then said, " As to the first error assigned, viz : That the Court erred " in overruling the plaintiff's demurrer to the defendant's sixth plea, " it is sufficient to observe, that the judgment upon said demurrer " was *respondeat ouster*, and that plaintiff (as appears by the record) " answered over by filing his replication to that plea and thereby " waived his demurrer thereto. On overruling a demurrer, if the " demurrant resorts to ulterior pleadings on the same point, the de- " murrer is waived. Burdet vs. Burdet, 2 A. K. Marsh., 143. " Morrison vs. Morrison, 3 Stewart's Rep., 144. Breese, 19.

" The same doctrine was maintained by this Court in the case of " Mitchell vs. Executor of Chaires, at the present term. A decis- " ion overruling a demurrer cannot be revised, if afterwards it is " withdrawn and issue joined to the country. Acre vs. Ross, 3 Stew- " art, 288. Trigg vs. Shields, Hardin, 168. A plaintiff cannot de- " mur and reply to the plea. Riley and another vs. Harkness, 2 " Blackf., 34. Harris vs. Weaver, 1 Blackf., 77, and authorities there cited. Stephen on Pleading, 296. See 2 Florida Rep., 145."

Therefore the petitioner contends, that the said sixth plea and the matters and things therein alleged and found by the jury, are and were by the foregoing decision of this Court, " *res adjudicatæ.*"

2d. This Court erred in deciding at the last trial of the cause here, that the matters and things set forth in the sixth plea (being the same identical matters of fact set forth in the charge of the Court below, number 13, as the ground of defendant's discharge from all liability) did not constitute a valid bar to plaintiff's action, because the question of law involved therein was for that reason not assignable as error in this Court. Therefore petitioner contends, that if the question had not been adjudicated by the Court, the same ought now to be determined in the same manner it was determined at the former term of this Court, and for the same reasons and on the same authority above referred to.

3d. That if the charge of the Court below, number 13, did contain error, it could only be legally applicable to the plea of the *general issue*, the law embraced in the sixth special plea having been adjudicated by this Court being no longer open to question by the Judge below—and if in truth that error may have been influential on the verdict of the jury, it could only have affected their finding under the

172              SUPREME COURT

Mitchell *vs.* Cotten, Executor.—On Petition for Rehearing.—Opinion of Court.

plea of the general issue, while the bar arising under the finding on the sixth plea and on pleas 7, 8, and 9, would, notwithstanding, constitute a flat bar to plaintiff's recovery.

4th. That the proposition advanced, in the opinion and judgment of this Court, that the matters and things alleged in the sixth plea and found by the jury, did not constitute a defence to the action, was not duly considered by this Court, the same not having been fully argued at this term by counsel for appellee, for the reason that they regarded it no longer as an open question.

5th. This Court erred in reversing the judgment of the Court below, notwithstanding the verdict of the jury in defendant's favor on the issues joined on the 7th, 8th, and 9th pleas, setting forth in divers ways the giving of time by plaintiff to Doggett, the principal, without the consent of defendant, the surety—Because,

1st. There was no motion for a new trial on account of any defect of proof or misfinding upon those issues.

2d. Because there was some evidence in the record (and the bill of exceptions does not state that it embraced the whole evidence) and the jury being the judges of its sufficiency, and having been expressly charged by the Court, " that the party setting up the giving " of time, &c., must prove his allegations in discharge of himself," they must be presumed to have correctly found under such instruction.

LANCASTER, J.

In the matter of the petition for a rehearing in the case of Isaac W. Mitchell vs. Frederick R. Cotten, executor, filed on this the last day of the term, we have to regret that time is not afforded to the Court to deliberate and examine authorities, as the subject from its importance would induce us to desire to do ; but the remembrance that the sum in controversy is very considerable—that, as it stands, the plaintiff can recover no interest, until he recovers judgment, and that the delay of a year will subject him to considerable loss, in the use of the sum in controversy, we are inclined to dispose of the questions raised by the petition, before the final adjournment of the Court.

The first ground assigned for the rehearing is, that the Court erred in deciding that the matters and things set up as a defence in the

sixth plea did not constitute a bar to the plaintiff's right of recovery, because the matters and things contained in said plea were, by the rulings of this Court, in the same case, between the same parties, res adjudicata. 2 Fla. Rep., 145. By reference to that case, it will be seen that the objection taken to the decision of the Circuit Court in overruling the plaintiff's demurrer to the defendant's sixth plea, was interposed after the plaintiff had filed a replication to the plea, and had, as the Court there decided, waived his demurrer. The validity of the plea was not decided, nor did the Court look into it, to ascertain its value, as a bar to the action ; but it was only held, as he, the plaintiff, had taken issue on it, and there remained no demurrer to it, there was no issue of law on that matter, properly before the Court.

In regard to the second ground set up in the petition, it is to be remarked, that at the trial at this term, the charge or instruction No. 13, therein referred to, was contained in the bill of exceptions, and stated to have been given by the judge to the jury at the trial below, and to have been excepted to by plaintiff ; this, therefore, brought the doctrines it contains directly and unavoidably before the Court, for review and adjudication. Their judgment thereon will be found in the opinion delivered ; and they do not perceive any valid objection to the assignment of that instruction as erroneous, because the same identical matters of fact, or of law, are set forth in the plea, as a bar to the action, which are contained in the instruction No. 13. This Court certainly did not, in this case, at the former trial, 2 Florida R., 145, make any decision as to the legality of defendant's plea No. 6, but declined to consider it. If, therefore, that plea, in the facts it alleges, and the bar to the action which it thereby seeks to maintain, is identical in principle with instruction No. 13, above mentioned, it follows, if the opinion delivered at the present term in this case is correct in law, that plea does not present a good legal bar to the action ; that the issue it presents is an immaterial issue, and if found for the defendant, could conclude the plaintiff nothing ; and if the other material issues were found for the plaintiff, then judgment non obstante vere dicto ought to be given for the plaintiff on that issue ; but as the finding was a general verdict for defendant, then a venire facias de novo was the proper remedy.

The third objection raised is supposed to be mainly answered ; but

it may be remarked, that let that instruction No. 13 have relation to what plea or pleas in the case it may, they will separately be affected to the extent they, or either of them, may be in conflict with the law, as contained in the opinion delivered in this case at this present term of this Court.

The 7th, 8th and 9th pleas of defendant, are pleas which allege (in various ways) that Mitchell, the plaintiff, for a valuable consideration, gave delay of payment to Doggett, the principal obligor, without the knowledge and consent of Cotten, the surety. H. Doggett was examined as a witness touching the matters in issue in those pleas, and in answer to the 10th interrogatory, says : " Witness saith he was not in Florida, and did not see the said Mitchell about the time mentioned in the interrogatory, or make any contract with him about further time." Cotten, in his letter to Mitchell, dated 25th of November, 1844, says: " You were so kind as to tell me, in the last conversation we had upon this subject, that, whenever I desired it, you would proceed to collect, and I now say that unless, &c., I shall certainly wish you to proceed, as quick as possible, to collect your money from Col. Doggett." Again : " I have no wish to have Col. Doggett pushed, and my permitting the note to run so long, is, I think, satisfactory proof of that fact." There is no testimony of any witness in the case, but what is made by Henry Doggett and John W. Cotten, going to sustain the issues on the three above mentioned pleas, and Doggett himself, the witness of defendant, says " he made no contract with Mitchell about further time." It also abundantly appears, that Mitchell commenced a suit soon after Cotton desired him to do so. Will the counsel ask the Court to shut their eyes, and suppose testimony on which these issues could or might have been found for defendants ?

It is said the bill of exceptions does not state that it embraced all the testimony given in the case. At page 36 of the printed record, at the end of the testimony, it is said, " This being the whole testimony offered," &c.

The fourth ground of the petition is, that the matters and things alleged in the sixth plea, and found by the verdict of the jury, did not constitute a defence to the action—was not duly considered by the Court, the same not having been fully argued to this Court at this term, because appellee's counsel no longer regarded it as an open

question. The answer is, the 13th instruction was before the Court, and elaborately argued, and maturely considered by the Court, and the law arising thereon announced in the opinion delivered. It is the determination on that 13th instruction which affects the 6th plea of defendant, and counsel must have been as well apprized of the effect of reversing that instruction at the argument as they are now.

The fifth ground of the petition has been mainly replied to, in our review of the third.

But suppose we are mistaken, and the jury, on the testimony before them, meant to find these issues, Nos. 7, 8 and 9, or one of them, for defendant, we can only say, it does not appear plainly to us ; but it appears much more probable, that the plea of the statute of limitations with them formed a bar to the second count ; and the sixth plea, under the 13th instruction, formed a bar to a recovery on the first count. And upon the whole case, justice appears to be advanced by ordering a new trial. It is, therefore, ordered by the Court, that the rehearing petitioned for in this case be denied.