# WILLIAM J. BAILEY, APPELLANT, vs. ALBERT CLARK, APPELLFE.

1. Unless the testimony in the case is brought before the Supreme Court by a bill of exceptions, it cannot regard it.

2. The bill of exceptions is given by the statute of Westm., 13 Ed. I., Chap. 31.

3. It ought to be upon some point of law arising upon the facts.

4. It is not to draw the whole matter into examination again; it is only for a single point, and the truth of it can never be doubted after it is sealed.

5. When there is no bill of exceptions to show on what ground the Court decided, it will be presumed that it decided correctly.

6. Every fair intendment is to be made in support of the judgment below.

7. The office of a bill of exceptions is to give the facts on which the Court decided, and it should give all the facts bearing upon the decision.

8. On overruling a demurrer, if the demurrant resorts to ulterior pleadings on the same point, the demurrer is waived.

9. The rule that allowed a party who offered no evidence the closing argument, has been repeated.

10. As has also the rule which allowed a default for want of a plea, &c., to be entered in vacation.

Appeal from a judgment of the Circuit Court for Hernando county.

The facts as disclosed by the record are fully set forth in the opinion of the Court.

*J. T. Magbee* for appellant.

*D. Provence* for appellee.

DOUGLAS J. delivered the opinion of the Court:

This is an action of trespass instituted in Hernando county. The declaration charges the defendant with cutting certain timber from the plaintiff's lands there situate. The defendant put in the general issue and several special pleas, upon each of which an issue of fact was joined, and the case was submitted to a jury, who found for the defendant, and a judgment was entered accordingly, from which the plaintiff appealed to this Court. The questions arising upon the errors assigned were argued with great ability at the late session of this Court, held at Tampa.— They were presented, however, as though all the testimony in the case was before the Court, but it turns out on an inspection of the record that the following is the only bill of exceptions which it contains, viz: "This cause coming on for trial, the plaintiff's demurrer to the amended third plea of the defendant was argued, and it being considered by the Court that the defence set up in that plea was not "

contract or sale, transfer or mortgage of real property, or any interest therein, it was ordered by the Court that the said demurrer be overruled, to which ruling the plaintiff by his counsel excepts."

" Upon the further hearing of the cause, when the plaintiff had rested from the examination of his witnesses, defendant by his counsel declined introducing any testimony, and proposed to go to the jury, claiming the concluding argument in consequence thereof. The argument of counsel was then commenced for plaintiff. In reply, defendant, by his counsel, contended before the Court that the plaintiff's replication to defendant's amended third plea, was a complete and binding admission by the plaintiff of the existence of the instrument of writing pleaded in said amended third plea, which relieved the defendant from the necessity of otherwise proving the execution of such instrument. The Court sustained the defendant's counsel in this position, to which ruling plaintiff, by his counsel, excepts and prays that these exceptions may be signed and sealed by the Court, and put on record in said cause; "which it appears was accordingly done.

The instrument set out in the said third amended plea is in the words and figures following, to wit: "Received of A. Clark one hundred dollars, being in full payment for the cedar timber upon my land in the Annutliga Hammock, it being the S. E. quarter of section 20, T. 21 S. R. 19 E. and I., hereby give him full permission to cut the same and haul it off said land, and to make roads and use other necessary means for getting off said timber, either standing or fallen, and to have full claim to the land until he gets it off.—

Given under my hand and seal at Hernando county, Florida, December 1st, 1852."

"LEWIS JENKINS, [seal."]

In presence of
E. CLARK,
E. B. McDOWELL.

The plaintiff claims the land described in that instrument under a deed from the same Lewis Jenkins, alleged to have been made, executed and delivered on the 12th day of December, A. D. 1852, and the defendant justified the cutting of the timber under the said instrument. The replication to the said third amended plea, which was held to be a full admission of the existence of the said instrument of writing, so as to relieve the defendant from proving its execution, is as follows, viz:

" And the said plaintiff by his attornies as to the said amended third plea by said defendant now here by leave of the Court pleaded, protesting that the said supposed license, if any such was ever given, was obtained by false and fraudulent representation of and by the said defendant; for replication nevertheless in this behalf, the said plaintiff saith, that before the said time when, &c., in the said declaration mentioned, and on divers other days between that time and the time of the commencement of this suit, to wit: on the fifteenth day of December, A. D. 1852, at &c., aforesaid, the said supposed license was revoked, recalled and countermanded by the said Lewis Jenkins and by his authority. And this he is ready to verify, wherefore he prays judgment, &c."

To this replication there was a general rejoinder, concluding to the country.

This Court has repeatedly held that unless the testimony

in the case was brought before it by a bill of exceptions, it could not regard it; and moreover, that the bill of exceptions should show that it contains all the evidence bearing upon the question presented, to which it relates. In the case of Dorman vs. Bigelow, Exr. 1 Florida Reps., 281, the Court ruled that "a note filed in a case, but not connected with the declaration by a bill of exceptions showing that it had been offered in evidence in the Court below, cannot be deemed a part of the record submitted for the inspection of this Court; nor can it be brought before the Court by an assignment of errors, and remarked, "for aught that appears, other proofs besides the note in question may have been presented on the trial below, and such as may have influenced and determined the verdict and judgment, and there is nothing to show that such proof, if so presented, was inadmissible or otherwise exceptionable at law. In the absence therefore *of a bill of exceptions,* showing the testimony exhibited, the presumption is that there was full and adequate evidence before the jury to warrant and support the verdict." This case was cited and approved in the case of Proctor vs. Hart, 5 Fla. Reps., 469. In that case the nature and office of a bill of exceptions are fully discussed, and numerous authorities adduced which fully sustain the principles there enunciated, and which upon a full review of them, we still believe to be sound law. In this last case the Court observed that "it seemed to have been taken for granted by the counsel who prepared the bill of exceptions and superintended the making up of the record for the Court, that it was sufficient if the evidence used or alleged to have been used upon the trial, should appear in and form a part of the

record so certified by the clerk of the Circuit Court, without having the same incorporated into the bill of exceptions." And added, "such a practice if sanctioned would obviously lead to great looseness and uncertainty, and might work irreparable injury to parties litigant, for it would be to substitute the testimony of the clerk as to what evidence was submitted to the jury, for that of the Judge." A bill of exceptions is made up with care by the Judge under the solemn sanction of his signature and seal, with the aid of the attorneys of the respective parties, "during the term of the Court (at which the trial is had) unless by special order further time is allowed," (5 General Rules, 14, 1 Fla. Reps., XVII,) and has absolute verity. In the case at bar, certain testimony, or rather short notes or minutes of testimony, was copied by the clerk into the record, but it does not purport to be the whole of the testimony, and there is nothing to give it verity; and moreover there is nothing to show that it was offered to the jury, or if offered that any objection was made to it, or that any motion was founded upon it, or that there was any ruling of the Court against the appellant in regard to it upon any such objection or motion.

A bill of exceptions was necessary to show these matters, if they existed. It was also necessary to authorize the Court to take notice of and to act upon it. At common law a writ of error lay for an error in law, apparent in the record, or for an error of fact, where either party died before judgment; yet it lay not for an error in law not appearing in the record, and therefore when the plaintiff or demandant, tenant or defendant, alleged anything *ore tenus*, which was overruled by the judge, this could not be as-

signed for error, not appearing within the record, nor being an error in fact, but in law; and so the party grieved was without remedy.  2 Inst., 426, 2 Bac. Abr., Ed. 1848, p. 112.  And therefore it was enacted "by the statute Westm. 2, 13 Ed., 1 Chap., 31, that when one impleaded before any of the justices alleges an exception, praying they will allow it, and if they will not, if he that alleges the exception writes the same and requires the justices will put their seals, the justices shall do so."   Our statute, Thomp. Dig., p. 351, sec. 3, No. 1, provides the manner of procuring a bill of exceptions, but leaves its effect to the statute of Westm., which is one of the acts mentioned in our statute adopting the common and statute laws of England, with certain exceptions, Thomp. Dig., p. 21, sec. 1, No. 2.

A bill of exceptions ought to be upon some point of law, either admitting or denying evidence, or a challenge, or upon some matter of law arising upon a fact not denied, in which either party is overruled by the Court.   It is not to draw the whole matter into examination again; it is only, for a single point, and the truth of it can never be doubted after the bill is sealed, for the adverse party is concluded from averring the contrary or supplying the omission of it. 2 Bac. Abr., Ed. 1848, pp. 113, 114, and the numerous authorities there cited which show very fully in what cases bills of exception will lie and also those in which they will not lie.

The interesting and important question so well argued and in regard to which there is a very great conflict of authority, viz: whether the timber alleged to have been cut by the defendant on the land of the plaintiff was attached to the freehold and was real estate, or was to be consider-

ed as detached from the land and considered mere personal property, was raised by the plaintiff's demurrer to the defendant's third amended plea, and had the plaintiff rested his case upon the decision of the Court upon that demurrer, it might have been here disposed of, but after that demurrer was overruled, the plaintiff (as we have seen) filed a replication to that plea, upon which issue was joined, which issue was submitted to the jury, who found for the defendant; and it is a well settled rule that on overruling a demurrer, if the demurrant resorts to ulterior pleadings on the same point, the demurrer is waived. Burdit vs. Burdit, A. K. Marsh, 143.    Beer vs. Phillips, Breese 19, 3 U. S. Dig., p. 162, No. 715.    Moore vs. Ress, 1 Morris, 401.    In Morrison vs. Morrison, 3 Stewart, 444, it was held that, "when a defendant demurs and pleads to the same matter, and issues of fact are tried, he will be presumed to have waived his demurrer," and in Porter vs. Lane, I Morris 197, and Dougherty vs. Bridgman, 1 Morris 295, that on overruling a demurrer the party demurring waives his demurrer by pleading anew.    In the case of Davis vs. Dickson, 2 Stewart's Reps., 370, it was holden that where a plea in abatement to a writ and declaration is overruled on demurrer, the party cannot insist on the same matter in arrest of judgment if he pleads over ; and in the State vs. Bodly, 7 Blackfd. Reps., 355, that if after the refusal of the Court to reject a plea, the plaintiff reply or join issue on the plea, the refusal to reject the plea cannot be assigned for error.    The principle deducible from these cases is in direct accordance with the ruling of this Court on the same question in the case of Mitchell vs. Chaires, Exr. 2 Florida Reps., 18--23, which on the most ma-

ture reflection we still hold to be correct. The case of Mitchell vs. Cotten, Exr. 3 Fla. Rep. 170, has been thought (we understand) to conflict with the case last cited; we deem it proper therefore to say that if there is anything in that case inconsistent with the principle announced in the case of Mitchell vs. Chaires, Exr. on this point, we suppose it must have occurred through mere inadvertence, and hereby expressly overrule it. Whether the document which was made the basis of the third amended plea was submitted to the jury as evidence or not, we are left to conjecture. From the argument of counsel we should suppose it was, but from the bill of exceptions the inference is that it was not, for it states that "when the plaintiff had rested from the examination of his witnesses, defendant by his counsel declined introducing any testimony and proposed to go to the jury, claiming the concluding argument in consequence thereof." It does not appear, however, whether he had the conclusion or not, and if we could infer that he had it, we should be at a loss to determine from the record, whether it was with or without the assent of the plaintiff; if with it, he had no cause to complain; no question therefore is presented for our consideration in regard to this matter, and it will be soon enough to decide it when it shall be brought directly before the Court for its decision. There is no rule prescribed by this Court allowing the party in such a case the conclusion; the rule that once existed allowing it, was long since abolished, as was also the rule authorizing defaults to be taken in vacation. We notice this because it appears by the record that a default was taken on behalf of the plaintiff against the defendant, which it has been insisted was set aside on insufficient

grounds. The setting aside of a default was at common law a matter of discretion with the Court which could not be assigned as error. Whether under our statute it is matter for exception is a question, which from the turn this case has taken we are not now called upon to decide; but if it were otherwise we could not do so, because the grounds upon which the Court decided have not been brought before us by a bill of exceptions, and we are bound therefore to presume that the Circuit Court acted right in opening it. In the case of Blaney vs. Findley et al., 2 Blackfd. Reps. 338, the Court said, " there is no bill of exceptions to show us on what grounds the Court decided; the presumption of law is in favor of the decision." This case was cited and approved in the case of Mitchell vs. Chaires, Exr. 2 Fla. Reps., 22, and in concluding that case the Court said, " as there were several distinct issues that required proof on the part of the plaintiff to sustain them, and a verdict was rendered for the defendant upon them, and there is no bill of exceptions to show us on what grounds it was rendered, we are bound to presume that the verdict was right, and to sustain the judgment entered upon it." This case is very much like the one now before us, and is sustained by that of Horn vs. Gartman, 1 Florida Reps., 63, 91, in which the Court held "that every fair intendment is to be made in support of the judgment below," and that " the office of a bill of exceptions is to give the facts on which the Court decided, and that it should give all the facts bearing upon the decision, so that the appellate Court may know fully and clearly everything which influence the decision of the Court." In the case of the Bk. of Virginia vs the Bk. of Chillicothe, 16 Ohio Reps., 172, the Supreme Court of Ohio

held that "an agreed statement of facts which constitutes the evidence in a case, cannot be regarded as a special verdict, and forms no part of the record unless made so by a bill of exceptions." And in that of Mitchell's Admr. vs. Byrd & Gunn, 2 English's Reps., 408, it was held that "unless the bill of exceptions negatives the idea that other testimony was adduced in the Court below, the appellate Court will presume in favor of the judgment below."

In closing our remarks in this case we may, we think, with propriety say that it is always unpleasant to the Court to be prevented from deciding the merits of a cause upon any technical grounds, but that we feel the less reluctance in affirming the judgment of the Circuit Court in this case, because we consider the said third amended plea, if sustained by proof, a good defence to the action, so far as regards all the timber cut by the defendant before he had any notice, actual or constructive, of the purchase of the lands on which it was cut, by the appellant; but we are by no means satisfied that it is a good defence for any cut afterwards. Let the judgment be affirmed.