Dibble vs. Truluck—Opinion of Court.

FRANKLIN DIBBLE, APPELLANT, VS. JOSEPH TRULUCK, AP-
PELLEE.

1. In the absence of a bill of exceptions, the presumption is that there was
evidence before the jury to support the verdict.

2. All the *facts* of the case and the points excepted to should be *fully and
clearly* set forth in the bill of exceptions.

3. If the case be so imperfectly stated as that the appellate court cannot
see how it should be decided, the judgment will be reversed and a new
trial awarded.

4. If the parties cannot agree upon the facts and evidence to be contained
and set out in a bill of exceptions, the matter should be referred to the
Judge, who, from his notes taken on the trial, or from memory, is able
to correct the bill of exceptions, and make it conform to what took place
on the trial.

5. When exceptions are taken to the charge of the Judge on points of law,
the bill of exceptions should set forth the evidence, that the appellate
court may see if the law, as expounded by the court, is applicable to the
case.

6. The same is the case where the Judge refuses to give instructions asked.

7. The statute which confines the charge of the Judge to matters of law,
does not release him from the duty of knowing the evidence given on
the trial. It is important that he should know the evidence to enable
him to charge the jury correctly on the law of the case as applicable to
it, and to decide properly on a motion for new trial.

Appeal from Circuit Court for Duval county.

This case was decided at Jacksonville.

A statement of the case is contained in the opinion of the
court.

*Fleming* and *Daniel* for Appellant.

*John W. Price* for Appellee.

DOUGLAS, J., delivered the opinion of the Court.

This case comes before this Court on appeal from the Cir-

cuit Court for Duval county. The action in the Court below was replevin for a mule, and on the trial on the 10th of November, 1866, the plaintiff recovered judgment against the defendant for $300.

The Judge in the Court below instructed the jury as follows: "This is an action of replevin. If you shall believe from the evidence that the mule in controversy is and was the property of the plaintiff at the time he came into the possession of defendant, then the plaintiff is entitled to a verdict at your hands for the value of the property, which value you must ascertain from the evidence before you. If, on the contrary, you shall find from the evidence that the mule was the property of the plaintiff at the time he was taken by the United States, and such property was captured by the United States forces, then said mule was prize of war, and the title passed to the United States and there remained until released by law; and in that case the defendant is entitled to a verdict at your hands."

On the next day and during the term, the defendant, by his counsel, moved the Court for arrest of judgment and new trial on the following grounds:

1st. That the verdict of the jury was contrary to law and to the evidence.

2d. That the value of the mule, as assessed by the jury, is contrary to the evidence, exorbitant and unreasonable.

The motion for a new trial on the above stated grounds was overruled and a new trial denied, the court holding, "that so far as the evidence is concerned, the Court keeps no record of it, and is unable to state what the evidence was. The Legislature prohibits the Court from charging the jury on the evidence. The Court is not required by law to take down the evidence, and if counsel wish to avail themselves of the evidence, they must take it down and submit it to the Court for its action; then the Court will act upon it and not

Dibble vs. Truluck—Opinion of Court.

otherwise. Therefore the motion, so far as the evidence is concerned, is refused, and it does not appear to be contrary to law."

From this ruling of the Court below an appeal was taken to this Court.

Without going into a lengthy examination of the law applicable to bills of exception, their office and purpose, what they must contain and set forth, and the form and manner in which they should be prepared, all of which subjects have heretofore been fully considered and decided by this Court in the cases of Horn's executors vs. Gartman, 1 Fla., 64; Derman vs. Bigelow, *ib.* 281; Union Bank vs. Call, 5 Fla., 409; Pons vs. Hart, *ib.* 457; Proctor vs. Hart, *ib.* 465; Bailey vs. Clark, 6 Fla., 516, and subsequent cases, it may be necessary and proper to refer to some of the general rules of law and the practice of the Courts applicable to bringing cases before an Appellate Court on exceptions taken to the rulings of the Court below.

In the absence of a bill of exceptions, showing the testimony given on the trial in the Court below, the presumption is, that there was full and adequate evidence before the jury to warrant and support the verdict. Bailey vs. Clark, 6 Fla. Rep., 520; 1 Call Rep., 28; 4 Rand. Rep., 317. The law having entrusted to the Courts the administration of justice, it is always presumed that every tribunal by whom a cause has been tried has done what was right, unless the contrary appears upon the records of its proceedings; nor, unless this does appear, will an Appellate Court reverse or interfere with the decision of an inferior tribunal. Tucker's Com., 2 vol., 292; Pons vs. Hart, 5 Fla. Rep., 457.

The pleadings in the Court below being all reduced to writing, any error which may have been committed in them may of course be detected; but there is much that takes place in the progress of a trial which may be injurious to the party, may be decisive of his rights, and which will not

appear on the record unless some provision of law required it. Of this character is the ruling of the Judge in rejecting and excluding evidence that ought to have been received, or in receiving evidence that should have been ruled out; in misdirecting the jury on the law applicable to the evidence before them, or in refusing instructions on questions of law that should have been given, to aid them in making up their verdict. For, ordinarily, the Judge declares to the jury what the law is upon the facts which they find, and then they compound their verdict of the *law* as expounded and declared to them by the Judge, and of the *facts* as ascertained and understood by themselves.

In these and other matters arising in the progress of the trial, the Judge may commit grave errors that would be decisive of the rights of the party, and the evil would be without redress but for the remedy afforded by a bill of exceptions. This remedy for the relief of parties who suffered by the errors committed by the Judge upon a trial of a cause, and which did not appear upon the record, was first provided in England by statute of Westm. 2, (13 Ewd. 1,) and has been adopted in this country by the several States of the Union along with the common law.

The bill of exceptions is a certificate of the Judge who presided at the trial, that certain things were permitted, or opinions given, or instructions refused upon the trial of the cause, by which the party considers himself aggrieved, and for which reason he excepts (or objects) and prays his exceptions may be signed and sealed and made a part of the record. Upon the granting the prayer of the party, the bill of exceptions becomes a part of the record of the proceedings of the Court below, and enables the Appellate Court to see what took place on the trial, and if an error was committed to correct it.

When a party excepts to the opinion and ruling of the Court, the bill of exceptions should be and usually is pre-

Dibble vs. Truluck—Opinion of Court.

pared by the counsel of the party excepting and tendered to the Judge to be signed. All the *facts* of the case and the points excepted to should be *fully* and *clearly* stated, for if the case be so imperfectly stated as that the Appellate Court cannot see how it should be decided, the judgment will be reversed and a new trial awarded. 3 Call, 194 ; 2 Leigh, 321. Though the bill of exceptions is always tendered by the party who failed upon the trial and who appeals, yet, inasmuch as a judgment of reversal will be rendered if the bill of exceptions so imperfectly states the case as that the Appellate Court cannot see how it should be decided, it becomes the interest of the successful party as well as the one who appeals to see that the bill of exceptions is properly prepared and the facts clearly stated for the consideration of the Appellate Court. 3 Call, 194. It is proper, and it is usual in practice, for the party appealing to prepare the bill of exceptions, and to submit to the successful counsel to make such alterations and additions (if any are needed,) as they may agree upon. If they cannot agree upon the facts to be contained and set out in the bill of exceptions, then the matter is referred to the Judge who presided on the trial to decide between them, and it is his duty to correct the bill of exceptions so as to make it conform to what took place on the trial. This he is enabled to do, either from memory or from his notes taken in the progress of the trial. If the Judge should refuse to sign the bill of exceptions, the party wishing to appeal may then apply, under the statute of this State, to three persons to sign the same in the presence of the Judge, which, when signed by them, is as valid and has the same force as though it was signed by the Judge. Thomp. Digest, 351.

In the case now before us, none of the facts proved on the trial in the Court below are incorporated into a bill of exceptions and made a part of the record. The charge of the Judge, and what he said in refusing a new trial, are reduced

to writing, signed by him, and made a part of the record and the subject matter of appeal; but no portion of the evidence given to the jury on the trial is set out in a bill of exceptions or is brought before this court in any form, so as to enable it to see what really did take place on the trial in the Court below.

The charge of the Judge to the jury on the matters of law is before us, and, so far as we are able to discover, there was no error in the charge given. In the absence of a proper bill of exceptions, setting forth the evidence and the facts proved on the trial, we are unable to say if the law, as expounded by the Court, was applicable to the case, or if the instructions given were material and connected with the cause. The general rule is, that the decision of the Court below is presumed to be correct, unless the contrary appears, and an Appellate Court will not reverse or disturb a judgment of the Court below, unless there be something in the record to show that the Court has committed an error in some material point by which injustice and wrong has been done to the party appealing, or when the party in his bill of exceptions attempts a statement of the facts that took place on the trial, and states them so imperfectly that the Court cannot see how it should be decided. Burk vs. Clark, 8 Fla. Rep., 9; 1 Cranch, 309; 2 H. & M., 363; 5 Rand. 31; 4 do. 317; 1 Call, 28, 105, 215; 2 Leigh, 321.

The charge of the Judge in the Court below on the law is unexceptionable within itself; the law, as declared by him, is entirely correct when applied to a proper state of facts, and, whether that state of facts existed and was proved on the trial, the record before us does not show; and this Court cannot, in the absence of all proof on the subject, undertake to say that there was not a proper state of facts to warrant the charge given by the Judge to the jury.

Courts sit to decide causes and not merely to *moot* points of law, and the Court cannot, in the progress of a trial, be

Dibble vs. Truluck—Opinion of Court.

required to give opinions or instructions upon general and abstract propositions. The Court may and should refuse to give an opinion or instruction on such points, and if the refusal is appealed from, the Appellate Court will not interfere, unless it can be shown that the instruction asked was warranted by the testimony, and that it ought to have been given. 11 Wheat. 59 ; 2 Peters' Rep., 625.

It is urged in the argument of the case at bar that the Court below erred in refusing a new trial and in the reasons assigned and statement made by the Judge for the refusal. We are unable to see from the record that the verdict was contrary to evidence or the weight of evidence, or that any injustice has been done the party appealing by the verdict. There is no evidence before us what proof was before the jury, and in its absence we must presume it was sufficient to warrant and support the verdict rendered by them. Until a recent date, the granting or refusing a motion for a new trial, on the ground that the verdict was contrary to evidence or to the weight of the evidence, was not a subject matter of appeal. It was addressed to the sound discretion of the Court, and his granting or refusing the motion could not be reviewed by an Appellate Court. This, however, is now changed by the statute of this State, approved January 7th, 1853, and the action of the Court below, in granting or refusing a new trial on the ground that the verdict is contrary to evidence, may now be assigned for matter and cause of error, upon any writ of error sued out or appeal taken, and will be reviewed by this Court when brought before it.

This Court cannot pass upon and review the reasons assigned by a Judge of the Court below for any order, judgment or decree he may make or pronounce in the progress of a trial before him. We have to deal with the order, judgment or decree itself, and if, upon examination and investigation, it be found to be correct, to affirm it ; if otherwise, then to reverse it, and grant relief to the aggrieved

party.   In the present case, however, the Judge of the Court
below has placed upon the record statements made by him
in deciding on the motion for a new trial, and these have
been urged upon this Court as a ground and cause of error ;
for these reasons we feel it our duty to notice them.

The statute of this State, approved January 3d, 1848,
confines the charge of the Judge to the jury on the trial of
any cause, to the matters of law involved in the trial; and
does not allow him to comment on or discuss to the jury the
evidence before them.   There is nothing in this statute
that prohibits the Judge from taking notes of the testi-
mony delivered to the jury, or releases him from the obli-
gation of knowing what that testimony is.   True it is, that
there is nothing in the statute requiring the Judge to take
down the evidence, yet the Court *is required* by law to
charge the jury on the law as applicable to the facts before
them ; and also to pass upon and decide all motions made
for new trials, on the ground that the verdict is contrary
to evidence, or to the weight of evidence, and upon all
demurrers to evidence; and it is difficult to see how a
Court can discharge these required duties understandingly,
and with satisfaction to itself and justice to parties, unless
the Judge shall take notes of the evidence, or give such
attention to it when delivered before the Court and jury
in the progress of the trial, as to enable him to speak from
memory as to what the evidence was.   It is all important
that the Judge should know what the evidence is in order
to charge the jury correctly as to the law of the case.   What
is very good and correct law for one state of facts will be
very incorrect and imperfect law when applied to another
and a different state of things.   As we have already seen,
Courts do not sit to *moot* points of law, but to try, decide and
determine causes ; and though a principle of law may be very
correctly declared and expounded by the Court, yet if not
applicable and pertinent to the case before the Court, it is

calculated to mislead the jury, and for this reason may be assigned for error in the Appellate Court. 1 Cranch, S. Ct. Rep., 309 ; 3 Munf., 191 ; 5 Rand. Rep., 31 ; 11 Wheat. S. Ct. Rep., 59 ; 2 Peters' S. Ct. Rep., 625.

For reasons set forth in this opinion, the judgment of the Court below is affirmed.