Mr. Justice VanValkenburgh
delivered the opinion of the court.
This was an action of assumpsit upon a promissory note, brought by H. S. ICeyser, executrix of the last will and testament of the Wm. J. Keyser, deceased, against the defendants Mayo and Stokes. The amended declaration consisted ofv four counts. The defendants, on the second day of February, 1880, demurred to the first, second and third counts, and plead to the fourth. On the hearing the court overruled the demurrers. The defendants further filed pleas on the 27th January, 29th March and first of April, 1880. The plaintiff then demurred to the several pleas so filed by the defendants, and on the second day of April, the court upon a hearing made an order sustaining the demurrer as to all of said pleas, -excepting as to the plea of *193 L. G. Mayo, filed second February, 1880, -as to which plea the demurrer is overruled. °
On the 7th day of April, 1880, the defendants plead over to the amended declaration, replications were filed and the cause was tried by a jury who found a verdict for the plaintiff, upon which judgment was duly entered. There is no bill of exceptions and the only errors assigned are as follows:
1. The court erred in overruling the demurrer to the amended declaration.
2. The court erred in sustaining the demurrer to pleas filed by the defendants on the 27th January, 29th of March, and 1st of April, 1880.
This court, in a series of decisions, have determined that if a party, after judgment on demurrer against him, amends his pleadings and makes an issue which is tried, he waives all exceptions which he might have taken to the judgment on demurrer, and will not be permitted to assign them for error in this court. If the party desires to have the ruling by the court upon the demurrer reversed, lie must not plead over, but permit the judgment on the demurrer to stand.
Had the defendants permitted sthe judgment on demurrer to their pleas to have stood and appealed from that, it would have reached back to the declaration, but by waiv--ing their demurrer in pleading over and going to trial upon the issues made, they lost their right to except to the judgment of the court upon the demurrers to their pleas. Bailey vs. Clark, 6 Fla., 516; Ellison vs. Allison, 8 Fla., 206; Hooker vs. Johnson, 8 Fla., 453; Robinson vs. L'Engle, 13 Fla., 483; Garlington vs. Priest, 13 Fla., 559; Johnson vs. P. & P. R. R. Co., 16 Fla., 623.
The judgment must be affirmed.