# DECISIONS

OF THE

# Supreme Court of Florida,

A T

# TERMS HELD IN 1858.

JAMES BURK, APPELLANT, *vs.* ALBERT CLARK, APPELLEE.

1. Where the instruction of the judge below is relevant to the issue joined, and exception is taken thereto, all the evidence upon which the instruction is based, must be incorporated in the bill of exceptions which accompanies the record.

2. In a common law suit, the only means of bringing before the Appellate Court the evidence used in the Court below, is by incorporating it in the bill of exceptions which accompanies the record.

3. It is a settled rule of law, that every presumption is in favor of the ruling of the Court below, therefore where a party excepts to such ruling, and fails to bring up the evidence upon which the ruling is based, this Court will refuse to consider the exception.

4. The omission to add the " similiter" or to plead to a particular count, where the issue has been joined upon other counts of the declaration, affords no ground for a writ of error.

This case was decided at Tampa.

This was an action on the case for slander, instituted in

Hillsborough Circuit Court by the appellee against the appellant. The declaration contained two counts, the second of which was afterwards by leave of the Court amended. The defendant pleaded not guilty to the first count—a jury was empannelled and sworn " well and truly to try, and the truth to speak upon the issue joined," who returned a verdict for the plaintiff and assessed his damages at the sum of three hundred and seventy-five dollars, upon which judgment was rendered.

The defendant below asked the Court to instruct the jury as follows :

1st. That if the jury find from the testimony, that the slander alleged in the declaration was spoken by the defendant in the month of March or April, A. D. 1854, then they must find for the defendant.

2nd. That unless it was proven that the defendant spoke the works alleged in the declaration in the hearing of citizens of Florida, then they must find for the defendant.

3rd. That if the plaintiff proved that the defendant said that the plaintiff had stolen his hogs, then he must prove in addition to that, that he, the defendant, meant thereby that the plaintiff was guilty of larceny, and if this is not proven, then they should find for the defendant.

4th. That the plaintiff must prove the charge as he stated it in his declaration, and therefore testimony which states that the defendant spoke in the alternative, that is to say, that the defendant spoke one thing or the other, is not sufficient to sustain the declaration.

5th. That the jury must not, when they are making up their verdict whether the defendant is or is not guilty, take into consideration any of the testimony which does not directly go to prove the charges as they are alleged in the plaintiff's declaration.

6th. That unless the plaintiff proves that the slander was

spoken in the presence of more than one citizen, then they must find for defendant.

The Court refused to give the 1st, 2nd, 3rd and 6th instructions prayed for, to which ruling the defendant's counsel excepted.

The Court gave the 4th instruction with the addition, " but the jury may take such testimony into consideration in estimating the damages, should they find for the plaintiff." The Court gave the 5th instruction with the addition, " but the jury may take into consideration if they find for the plaintiff any evidence of words spoken by the defendant of the plaintiff to show malice on the part of defendant, and in aggravation of the damages." To giving which instructions by the Court, the defendant's counsel excepted, which rulings and instructions of the Court are signed, sealed and made a part of the record.

THOS. F. KING, *Judge.*

No bill of exceptions is incorporated in the record, but several sets of depositions are inserted unattested by the signature of the Judge.

The first and second of the errors assigned by the appellant, are based upon the instructions given and refused by the Court below.

The third error assigned is, that " the Court erred in giving a judgment on the verdict of the jury, because there was no similiter filed to the defendant's plea to the first count of plaintiff's declaration, and because there was no plea to the second amended count of plaintiff's declaration."

The fourth error assigned is, " because the jury were not sworn to give a true verdict."

*Gettis and Mitchell,* for appellant.

*Rogers and Hart,* for appellee.

DuPONT, J., delivered the opinion of the Court.

This was an action on the case for slander, brought in the Circuit Court of Hillsborough county by the appellee against the appellant. The jury gave a verdict in favor·of the plaintiff below, upon which verdict judgment was entered, and it is from that judgment that the appeal is brought to this Court.

The two first errors assigned refer exclusively to the instructions which were severally given and refused by the judge in the Court below. These instructions purport to have been given in writing and attested by the signature of the judge, and seem to have been relevant to the issue joined between the parties, but the record presents no bill of exceptions setting forth the evidence upon which the instructions were given or refused. There are in the record several sets of depositions which are apparently applicable to this case, but this Court has repeatedly ruled, that evidence brought forward in this loose way is wanting in that degree of verity, which is necessary to commend it to consideration, and that such verity is attainable only by its incorporation into a bill of exceptions properly attested by the signature of the judge who may have presided at the trial of the cause. Such instructions as are relevant to the issue must always be based upon some portion of the evidence adduced upon the trial, and to enable the Appellate Court to decide upon the correctness of the ruling which either grants or refuses the instruction, it is evident that resort must be had to that evidence. It is also a settled rule of law that every presumption is in favor of the correctness of the ruling of the Court below, and, in order to induce the appellate tribunal to reverse such ruling, it must be made manifest that an error has been committed. The Appellate Court will never resort to conjecture on

such a point. For these reasons we are constrained to overrule the first two errors assigned.

The third error assigned is in the following words, viz: "The Court erred in giving a judgment on the verdict of the jury, because there was no *similiter* filed to the defendant's plea to the first count of plaintiff's declaration, and because there was no plea to the second amended count of plaintiff's declaration." We doubt whether, even at common law, error could be predicated upon either of the grounds set forth in his assignment. But, be that as it may, our statute (Thompson Digest, p. 351, § 2,) has provided that "no judgment, after the verdict of a jury or an award of arbitrators shall be stayed or reversed for any defect or fault in the original writ, or for any variance between the writ and declaration, or for any mispleading, insufficient pleading or misjoining of the issue, or for any faulty count in a declaration, where the same declaration contains one count or more which is or are good," &c. The third error assigned is therefore overruled.

The fourth and last assignment is, "because the jury were not sworn to give a true verdict." Upon a reference to the record, we find that the jury were "sworn well and truly to try and the truth to speak upon the issues joined." This mode of swearing the jury is as formal as there can be any necessity for, and we are at a loss to perceive the force of the objection presented in the assignment. The fourth assignment is therefore overruled also.

Let the judgment of the Circuit Court rendered in this case be affirmed.