Frisbee and Johnson, Adm'rs, &c., vs. Timanus—Argument of Counsel.

SARAH A. FRISBEE AND JAMES JOHNSON, ADMINISTRATORS OF JAMES T. FRISBEE, PLAINTIFFS IN ERROR, VS. HENRY TIMANUS, DEFENDANT IN ERROR.

1. A paper purporting to be a writ of *certiorari*, without the seal of the court from which it purports to be issued, and without being tested according to law, is a nullity.

2. In the absence of a bill of exceptions showing the testimony given on the trial in the circuit court, this court will presume that there was adequate evidence before the jury to support the verdict.

3. A judgment will not be reversed unless an error appears to have been committed by the court below, and the error must clearly appear in the record.

Writ of error to the circuit court sitting for Nassau county. The case is stated in the opinion of the court.

*Bolling Baker* and *R. M. Smith* for Plaintiff in error.

*J. P. Sanderson* for Defendant in error.

This was an action of ejectment brought in the circuit court for Nassau county for the recovery of certain lots of land sit-

46

uated in the city of Fernandina. These lots have been sold by the Direct Tax Commissioners for the non-payment of taxes.

The record contains the præcipe, summons, and declaration, issue joined, certain deeds of conveyance, two certificates of tax sales, the instructions asked for by counsel on both sides, a verdict and judgment, also a *certiorari* from the United States Circuit Court, and an order of said court dismissing suit and remanding it back to the State court.

There is nothing in the record showing that anything was excepted to on either side during the progress of the trial, or that any testimony, except the deeds and tax sale certificates, was introduced, or that the instructions were either given or refused by the court. The record contains no bill of exceptions or assignment of errors.

Where there is no bill of exceptions to show how the court decided, it will be presumed that it decided correctly. Bailey vs. Clark, 6 Fla., 516 ; Dibble vs. Truluck, 11 Fla., 135.

Unless the testimony is brought before the court by a bill of exceptions, it cannot be regarded. Ibid.

The party excepting must, at his peril, place so much in his bill of exceptions as shows that the court did err to his prejudice, for the presumption is in favor of the rectitude of their proceedings, and all decisions made will be presumed correct, until the contrary appears. Procter vs. Hart, 5 Fla., 468.

This court is confined in an action at law to the questions made by the bill of exceptions. Pons vs. Hart, 5 Fla., 461. Ex parte Crane, 5 Peters ; Gray vs. Belden, 3 Fla., 114.

The record gives the instructions asked by the respective counsel, without showing whether they were given or refused by the court. Nor does the record show that they were excepted to by defendant if given. Nor is there any evidence by which this court can determine whether the court below erred, or was fully sustained by the evidence that may have been adduced on the trial.

The whole is left to conjecture.

Even where there is a bill of exceptions, if the bill is so loosely drawn as to leave the matter in doubt, the proceeding below will be sustained, and this, notwithstanding there be some reason to suspect that error might have intervened. Procter vs. Hart, 5 Fla., 468; Pons vs. Hart, 5 ibid., 460; Gray vs. Belden, 3 Fla., 114.

The proper functions of a court in a writ of error is to pass its judgment upon the points excepted to in the opinion of the court below, and not to decide the law of the case. Bradstreet vs. Potter, 16 Peters, 318.

The proper way to get facts before an appellate court, in such form as to make them evidence, is to make a statement of them in the shape of a bill of exceptions, and then get the circuit judge to sign and seal them, and order it to be made a part of the record. Broward vs. The State, 9 Fla., 422.

Unless counsel except to the rulings of the court as they arise during the progress of the trial, it is too late to make the objection in the Supreme Court. Francis, A Slave, vs. The State, 6 Fla., 306; Lathrop vs. Judson, 19 How., 66.

The court cannot adjudge the instructions given to the jury erroneous, unless the evidence upon which the instructions were intended to bear are presented by the bill of exceptions. Harrison vs. Boker, J. J. Marshall, 317 and 318; Vassee vs. Smith, 6 Cranch, 226, 233, note.

It must appear by the record that the exceptions were taken while the jury were at the bar. Phelps vs. M. Mager, 15 How., 160; United States vs. Brietling, 20 How., 252.

Although a question be objected to, yet if no exception be actually taken and signed, it will be deemed abandoned. Scott vs. Lloyd, 9 Pet., 419.

The rulings of a court below in admitting or rejecting evidence, can only be brought up by bill of exceptions. Suydam vs. Williamson, 20 How., 427; Schuchards vs. Allen, 1 Wallace, 359.

When an objection is taken to the ruling of the court, such ruling must be stated, and it must also be stated that the party

then and there excepted.   Pomeroy vs. Bank of Indiana, 1 Wal., 592.

If the foregoing authorities are applicable to this case, it is claimed by appellee that the judgment of the court be affirmed as in the cases cited, viz. : Pons vs. Hart, and Procter vs. Hart, Dibble vs. Truluck, and the others.

RANDALL, C. J., delivered the opinion of the court:

This case comes up by a writ of error issued out of this court on the 15th day of December, A. D. 1868.

It appears by the record before us that an action of ejectment was commenced in the circuit court of Nassau county in 1866, by the defendant in error, against James T. Frisbee, since deceased, to recover possession of certain lots in the city of Fernandina.   The defendant, Frisbee, filed his plea denying generally the allegations in the declaration.   The record does not show a consecutive history of the proceedings upon the trial, nor what testimony was given on either side, but shows that a verdict of a jury was rendered in favor of the plaintiff below, and against the defendant below, on the 22d day of December, A. D. 1866, and that judgment was duly entered and signed on the same day in accordance with the verdict.

There appears in the record a paper purporting to be a copy of a writ of *certiorari* issued out of the Circuit Court of the United States for the Northern District of Florida, bearing date the 14th day of December, 1866, and filed in the circuit court of Nassau county on the 18th of December, 1866, commanding the judge of the Nassau circuit court to send and certify the record and proceedings in this case to the said United States Circuit Court, and commanding the State court to cease all proceedings therein.   The said paper purporting to be a writ of *certiorari* was tested in the name of the district judge of the United States Court for said district, and instead of a seal there was written in the margin thereof the words, " Seal of the United

States Circuit Court, Wm. P. Dockray, Clerk." For the better information of this court the original papers on file in the office of the clerk of the circuit court of Nassau county have been procured by an order duly entered for that purpose, and thereby it appears that the paper purporting to be a writ of *certiorari* issued by the clerk of the United States Circuit Court, is correctly and literally copied into the record, and that the said original is not under the seal of said court, nor properly tested in the name of a United States Circuit Judge, or of the Chief Justice of the Supreme Court of the United States, according to the rules and practice of the Federal courts.

The circuit court of Nassau county did not regard said writ as a writ of *certiorari* properly issued, and did not stop its proceedings, but proceeded with the case to trial and judgment. Neither does it appear that the Circuit Court of the United States took any steps to enforce obedience to such pretended writ of *certiorari*, but afterwards, to wit, on the second day of February, 1867, issued a writ of *certiorari* in due form of law, which was obeyed by the State court, and the proceedings therein were duly certified to said United States Circuit Court.

Afterwards, in January, A. D. 1868, the said United States Circuit Court quashed the last-mentioned writ of *certiorari*, and remanded the suit to the State court for want of jurisdiction in a case of this character. It will be observed that this writ of *certiorari* was issued after judgment was recovered in the State court. It thus appears that the first-mentioned paper purporting to be a writ of *certiorari* was treated as utterly null and void, both by the State circuit court and also by the court from which it purported to have been issued. We see no reason to differ with them in this view. It was no writ.

There are other papers copied into this record purporting to be papers on file, and certified to be "a full, true, and complete copy of all papers, records, and proceedings on file" in the case. Among these papers are a certificate of the tender of certain taxes, signed by the United States Tax Commissioners; a deed

of trust signed by the President of the Florida Railroad Company, and certain trustees, duly acknowledged ; a power of attorney ; a deed of the premises in question by the said trustees to the plaintiff below, executed by an attorney in fact ; and several certificates of tax sales executed by the tax commissioners. There are also copies of certain supposed " instructions " on the part of the plaintiff and the defendant, upon which the court was asked to charge the jury.

There is nothing to show that the aforesaid deeds, conveyances, tax certificates, &c., were offered by either party, or received in evidence, or rejected by the court, nor what testimony was used upon the trial ; nor that the instructions asked for were given or refused by the court.

The plaintiff in error assigns as errors :

I. That the court erred in proceeding with said cause after the filing of the writ of *certiorari.*

II. That the verdict and judgment were null and void, as there was no cause pending in said State court.

III. In admitting as evidence on the trial, the deed of Geo. W. Call, attorney, to prove title in Timanus from the trustees, &c.

IV. There being no other evidence of title in Timanus than the deed from Call, the court should have instructed the jury to find for defendant below.

V. The certificates of the United States Tax Commissioners were evidence of title in defendants below, and therefore the verdict was contrary to the evidence, &c.

These points are already sufficiently disposed of by the foregoing statement of the case upon the record. There is nothing here showing that a " writ of *certiorari* " was served before the trial and judgment, and there is nothing to show what evidence was before the court.

Courts will not consider the question whether there was any evidence to be submitted to the jury, unless the opinion of the court was therein prayed for and an exception regularly taken.

4 Howard U. S., 123; 16 Curtis U. S., 44; 6 Wendell, 564; 20 Howard, 427.

In the absence of a bill of exceptions showing the testimony given on the trial in the court below, the presumption is that there was full and adequate evidence before the jury to warrant and support the verdict. The law having entrusted the courts with the administration of justice, it is always presumed that every tribunal by whom a cause has been tried has done what was right, unless the contrary appears upon its records; and unless this does appear, an appellate court will not reverse or interfere with the decision of an inferior court. Dibble vs. Truluck, XI. Fla., 135; Horn vs. Gartman, 1 Fla., 64; Derman vs. Bigelow, do., 281; Union Bank vs. Call, 5 Fla., 409; Pons vs. Hart, do., 457; Procter vs. Hart, do., 465; Bailey vs. Clark, 6 Fla. 516; 1 Call, 28; 4 Rand., 317; Burk vs. Clark, 8 Fla., 9; 1 Cranch, 309; 5 Rand., 31; 2 Leigh, 321; 16 Peters, 318; 1 J. J. Marshall, 317.

These questions seem to have been so often decided, and the practice so well settled upon sound principles, that we see no reason to add anything further.

The judgment of the circuit court must be affirmed.