T. A. HALL, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Applications for continuances rest in the sound discretion of the trial court, and the action of that court on them will not be reversed unless there has been a palpable abuse of that discretion to the disadvantage of the accused. All facts necessary to show a clear abuse of such discretion to the injury of the accused must be shown, and whenever the record is either silent or uncertain on any point material to establish an alleged abuse of discretion, the presumptions are all in favor of the correctness of the ruling denying the continuance.

2. On review of the testimony in the present case; *Held*, To be sufficient to sustain the verdict.

Writ of Error to the Circuit Court for Walton county.

The facts of the case are stated in the opinion of the court.

*Daniel Campbell*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

MABRY, C. J.:

The plaintiff in error was convicted of an aggravated assault at the Fall term, A. D. 1894, for Walton county, under an indictment charging him with an assault with intent to murder one Edward George. There are but two assignments of error presented on the writ of error sued out from the sentence of the trial court, and they are :that the court erred, first, in refusing the application of the defendant below for a continuance, and, second, in overruling his motion for a new trial.

The affidavit for a continuance reads as follows, *viz:* "The defendant being duly sworn says he can not safely go to trial in this case on account of the absence

of material witnesses, Benj. Ward, May Ward and William Tifton.   He expects to prove that on the morning of the day upon which the difficulty occurred that the State witness, Ed. George, together with others, made threats that they would kill the defendant; that he caused a subpœna to issue for said witnesses, and said subpœna has not been sent by said officer. And some of said summonses have been returned not found; that said witnesses reside in this State within the jurisdiction of this court; and that the witness Tifton resides in this county; that said witnesses have not been kept away by his consent, directly or indirectly given, and that he believes that he can have said witnesses in attendance at the next term of this court; that this application is not made for delay.''

The rule applicable to motions for a continuance is fully stated in the case of Ballard vs. State, 31 Fla. 266, 12 South. Rep. 865, as follows: ''Motions of this character are in the sound discretion of the trial court, and the action of that court on them will not be reversed unless there has been a palpable abuse of that discretion to the disadvantage of the accused, or whereby his rights may have been jeopardized. The rules as to granting continuances are substantially the same in civil and criminal causes, except as modified by the differences in procedure in the two classes of causes; yet affidavits for continuance should be scanned more closely in criminal than in civil causes, because of the superior temptation to delay presented by the former class.   All facts necessary to show a clear abuse of discretion to the injury of the accused must be presented, and wherever the record is either silent or uncertain on any point material to establish such an abuse, the presumptions are all in favor of the correctness of the ruling denying the motion.''   Many prior

decisions of this court on such applications were cited in the case just referred to, and our subsequent decisions affirm the rule. Bryant vs. State, 34 Fla. 291, 16 South. Rep. 177.

It appears from the record before us that the plaintiff in error was under arrest at the term of court preceding the one at which he was tried, and that the case was then continued. The affidavit, made when the trial was had, states that affiant had caused a subpœna to issue for absent witnesses named, but the subpœna had not been sent by the officer; and also that "some of said summonses have been returned not found." When the subpœna was issued is not stated, nor does it appear that affiant exercised any due diligence in having the subpœna issued and delivered to the proper officer in time to have it served before the court met. He states that he expected to prove threats on the part of George and others, but it is not even stated that the absent witnesses would swear to such threats. There is not, in our judgment, a sufficient showing of a palpable abuse of discretion in the ruling of the court denying the application for the continuance, and hence there is no cause for reversing the judgment on this account.

The only question presented under the other assignments of error is whether or not the evidence sustains the verdict, and we entertain no doubt on this point. The evidence is amply sufficient to sustain the verdict, and the judgment must be affirmed. Order to be entered accordingly.