W. T. CLEMENTS, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In a criminal case brought to an appellate court by writ of error, where none of the evidence is incorporated in the bill of exceptions and none of the charges given by the court are incorporated either in the regular or in a statutory bill of exceptions, neither the evidence nor the charges given by the trial court are before the appellate court for consideration, and, in their absence, an appellate court must assume that the evidence was sufficient to warrant a conviction and that the charges given correctly set forth the law applicable to the case, every presumption being in favor of the correctness of the verdict and judgment rendered and entered in the trial court.

2. In criminal as well as in civil cases an application for a continuance is addressed to the sound judicial discretion of the trial court, and the denial of such a motion will not be reversed by an appellate court, unless there has been a palpable abuse of this judicial discretion, which must be clearly and affirmatively made to appear in the bill of exceptions, the rule being that motions for a continuance in criminal cases are to be even more closely scanned than in civil cases, because of the greater temptation to delay.

3. Evidence of the insanity of a defendant's ancestors and relatives is not alone competent or sufficient to prove that the defendant is insane, and such evidence can only be used to corroborate other evidence of his insanity. It is not error for the trial court to refuse a continuance in a criminal case in order that defendant may have an opportunity of taking testimony on commission to establish such fact, there being no offer on the part of the defendant to connect such testimony with other testimony to establish the insanity of the defendant at the time of the commission of the offense with which defendant stood charged, and the materiality of the proposed testimony in no wise being made to appear to the court.

4. Under section 2912 of the Revised Statutes of 1892 the application for a commission to take the testimony of absent witnesses should generally be made to the court by the defendant when he is arraigned, and upon a proper compliance with all the requirements of said statute the court has no authority to refuse such commission, but a defendant cannot await his pleasure after his arraignment before making his application for the commission.

5. Section 2913 of the Revised Statutes of 1892 provides that the order for issuing a commission to take the testimony of absent witnesses may be made by the judge, either in term time or in vacation, upon the application of a defendant in a criminal action.

6. "Duly arraigned" in open court means arraigned according to law.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the Court.

*Walter M. Davis,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

SHACKLEFORD, C. J. W. T. Clements, the plaintiff in error, was convicted of the crime of an assault with intent to murder in the Criminal Court of Record for Duval County and sentenced to confinement in the State prison at hard labor for the period of twenty years. From this judgment and sentence he seeks relief here by writ of error, returnable to the present term of this court.

Seven errors are assigned, which are as follows:

"1st. The court erred in permitting and directing the information to be filed and the defendant arraigned and ordered to plead on the 17th day of October, 1905, after the regular August, 1905, trial term of said court had adjourned on the 11th of October, A. D. 1905, and before the regular October, 1905, trial term had begun on October 24th, 1905.

2nd. The court erred in refusing the appliction of defendant for, a commission to take the depositions of absent witnesses as therein designated.

3rd. The court erred in refusing the application of the defendant for a continuance of said case.

4th. The court erred in directing that said cause proceed to trial over the objection and protest of defendant on Oct. 28th, 1905.

5th. The court erred in denying and overruling defendant's motion in arrest of judgment.

6th. The court erred in denying and overruling defendant's motion for a new trial.

7th. The court erred in passing sentence and entering judgment against defendant as indicated by the record."

The only assignments argued here are those based upon the action of the trial court in refusing to grant the application of the defendant for a continuance of the case, and may conveniently be treated together.

The record discloses the following facts: The information which is in the usual form, was filed on the 17th day of October, 1905, and on the same day the defendant was duly arraignd in open court and entered a plea of not guilty.

On the 28th day of October, 1905, "at and during a term of the court aforesaid the said cause was reached upon the calendar of said court and called in its order

and the said respective parties being present and represented by counsel and the plaintiff having announced ready for trial," thereupon the defendant filed the following application for a continuance and for a commission to take depositions: "Before me in person comes W. T. Clemmons, who being first duly sworn on oath says that he is the defendant in the above entitled cause: That he has been informed against at the present term of court, charged with an assault to commit murder; that Mrs. Mary Daniel and Mrs. Fanny Clemmons are material witnesses in his behalf; that he expects to prove by said witnesses that Louella Norris was his great aunt and that she died some years ago in the insane asylum at Milledgeville, Georgia, and that she was subject to fits of insanity before her death; that Mrs. Mary Yarborough, John Cheek and Mrs. Angy Downs are material witnesses in his behalf and by them he expects to prove that J. F. Yarborough was his grandfather and that during the last twelve years of his life he was subject to insane spells and was at times very violent in his insane conduct; that L. F. Cheely and J. H. Davis are material witnesses in his behalf and by them he expects to prove that A. Clemmons was his grandfather on his father's side and that he was at times insane and subject to fits of temporary and at times violent insanity; that J. H. Davis, J. W. Harrison and J. B. Harrison are material witnesses in his behalf and by him expects to prove that they have known affiant for many years and that he is and has always been a quiet, law abiding man, of good moral habits and character. And defendant further expects to prove by most if not all of said witnesses that his grandfather was totally insane; that two children of said grandfather died with fits at tender age; that two great aunts were lunatics; that a great uncle

was a lunatic; that a great aunt is now a lunatic; that his mother frequently loses her mental balance and frequently collapses, physically and mentally; that affiant's kindred on his mother's side are subject to acute heart trouble; that affiant's mother had an aunt who died in the lunatic asylum; that his great grandfather and great grandmother died lunatics; that his great grandfather on his father's side was subject to mental spells and frequently became very violent; that all said witnesses are out of this county and beyond the jurisdiction of this court; that he cannot with diligence procure the attendance of said witnesses at this term or the next succeeding term of this court; that there are no other witnesses by whom he can prove said facts; that said witnesses are all residents of Glasscock county, State of Georgia; that since the filing of the information he has not had sufficient time, nor will he have sufficient time at this term of court to take the depositions of said witnesses; that said witnesses are absent without affiant's consent or procurement, directly or indirectly given; that he cannot safely go to trial without the testimony of said witnesses; that this application is not made for delay only; that affiant expects to procure the evidence of said witnesses by deposition at the next term of this court and further that one T. A. Brown of Agricola, Glasscock county, Georgia, is a competent disinterested person to take the deposition of said witnesses, and affiant asks a continuance of this case and for an order of court directing that a commission issue, naming therein said T. A. Brown to take the depositions of said witnesses according to the interrogatories filed herewith

Clements v. The State of Florida—Opinion of Court.

and to return same to this court to be used as evidence in his behalf.

(Signed)  W. T. Clemmons.

Sworn to and subscribed
    before me this 26th day
    of October, A. D. 1905.
(Signed    S. L. Earle,
Clerk Criminal Court of Record
Duval County, Florida.
(Seal.)"

Accompanying this paper was a number of direct interrogatories to be propounded to the witnesses named in the foregoing application.

Upon the same day the court denied the application and motion of the defendant, to which ruling an exception was duly taken and noted. In making his ruling upon said application and motion the judge of the trial court gave as his reason in part as follows: "That the movant had failed to comply with the statute regarding depositions and the issuance of commissions therefor, to-wit: the Revised Statutes of Florida, Section 2912, in that the motion for said commission was not made on the day of arraignment upon the information subjecting the said movant to laches and that said movant had been otherwise guilty of laches in that he had been under arrest since the 9th day of August, 1905, and had only made his motion for commission when the case was actually called for trial."

On the same day, after the denial of the application and motion, the case came on for trial, when the defendant through his counsel made the following announcement: "This defendant through his attorney states that he is neither prepared or ready for trial. He respectfully declines to voluntarily participate in the further

proceedings connected with this cause.  He declines to object to or accept the jurors, to cross examine the witnesses, to make a statement or to have his case argued by counsel or otherwise to take part in said proceedings except as may be ordered and directed by the court for the reason that he cannot without manifest injury and injustice to his cause safely proceed to trial.

Counsel further asks that the court take judicial cognizance of its records disclosing the fact that the information in this case was filed and the  defendant arraigned thereon Oct. 17th, 1905, upon a day during the August Term of this court adjourned from Sept.  11th, upon which day no business was  transacted  save  the filing of informations, receiving pleas thereon and sentences imposed upon such defendants as may have entered pleas of guilty; that the rules and customs of this court are and have been such that there is no 'sounding of the docket' upon the convening of a term of court but a calendar of cases is posted and cases set upon various days of the term; that this case was No. 38 upon the calendar of the October term of this court and has now been reached and called for the first and only time since the filing of the information.

Counsel desires to further state that the theory of the defense is that defendant was mentally deranged so as to be unable to distinguish between right and wrong at the time of commission of the alleged offense; that the defendant is from Glascock county, Georgia, and that the witnesses named and designated in the application for commission to take depositions are among those who know him best; that the testimony of these witnesses is material to the defense of the accused and counsel assuming that this continuance would be granted made no im-

mediate preparation for his trial at  this time and  is totally unprepared to enter into the same."

As further recited in the bill  of  exceptions  immediately after the announcement as above of defendant's counsel, "but upon consideration of the above announcement the said judge directed that the trial of said cause proceed and therefore denied and overruled the protest and objection of the defendant to which said ruling defendant did then and there except."

The following motion in arrest of judgment was made by the defendant: "And afterwards, to-wit: on the 1st day of November, in the year of our Lord one thousand nine hundred and five, came the defendant, W. T. Clemmons in his own proper person and attended by his counsel, Walter M. Davis, and moved the court to  suspend and arrest judgment and sentence in the above entitled cause upon the ground that no legal judgment  or sentence can be legally entered or rendered against the defendant upon the verdict in said cause  for the  reason that said defendant has never been lawfully arraigned on the indictment upon which he was  tried and upon which the verdict of said jury was based, nor  has defendant been offered the opportunity to enter his plea, nor has he ever plead to said indictment as required and provided for by law." This motion was  denied by the court.

The following motion for a new trial was made by the defendant: "Comes now the defendant in his own proper person and by and through his counsel,  Walter M. Davis, and moves the court to set aside the verdict rendered therein and to  grant him a new  trial on  the grounds:

1st. The verdict was  contrary to law.

3 S. C.

2nd. The verdict was contrary to the law and the evidence.

3rd. The verdict was contrary to the law and the evidence and the weight of evidence.

4th. The verdict was contrary to the charge of the court.

5th. The charge of the court was contrary to law.

6th. The court erred in refusing the motion of defendant for a continuance of said case until the next succeeding term of court on the ground of the absence of material witnesses based upon the affidavit of defendant.

7th. The court erred in refusing the motion of defendant for an order for commission to take the depositions of witnesses named therein as per interrogatories filed." This motion was also denied by the court.

None of the evidence is incorporated in the bill of exceptions and none of the charges given by the court are incorporated either in the regular or in a statutory bill of exceptions, therefore, neither the evidence nor the charges given by the court are before us for consideration, and in their absence we must assume that the evidence was sufficient to warrant a conviction and that the charges given correctly set forth the law applicable to the case, every presumption being in favor of the correctness of the verdict and judgment rendered and entered in the court below.  See Horn v. Gartman, 1 Fla. 63, and Dorman v. Bigelow, 1 Fla. 281, text 297; Proctor v. Hart, 5 Fla. 465, text 469; Bailey v. Clark, 6 Fla. 516; Burk v. Clark, 8 Fla. 9; Miller v. Crigler, 8 Fla. 356; Dibble v. Truluck, 11 Fla. 135; Frisbee v. Timanus, 12 Fla. 537; Blige v. State, 20 Fla. 742, S. C. 51 Am. Rep. 628; Ballard v. State, 31 Fla. 266, text 282, 12 South. Rep. 865.

As we have already said, all the errors which are properly before us for consideration are based upon the denial of the defendant's motion for a continuance, and this action of the trial court we shall now proceed to consider. However, right at the outset we are confronted with the fact that it is the settled law in this court in both civil and criminal actions at law that an application for a continuance is addressed to the sound judicial discretion of the trial court and the denial of such a motion will not be reversed by an appellate court, unless there has been a palpable abuse of this judicial discretion, which must be clearly and affirmatively made to appear in the bill of exceptions. Motions for continuance in criminal cases are to be even more closely scanned than in civil cases, because of the greater temptation to delay. See Ahren v. Willis, 6 Fla. 359; Gladden v. State. 12 Fla. 562; Barber v. State, 13 Fla. 675; Blige v. State, 20 Fla. 742, S. C. 51 Amer. Rep. 628; Denham v. State, 22 Fla. 664; Hicks v. State, 25 Fla. 535, 6 South. Rep. 441; Newberry v. State, 26 Fla. 334, 8 South. Rep. 445; Garner v. State, 28 Fla. 113, 9 South. Rep. 835, S. C. 29 Amer. St. Rep. 232; Ballard v. State, 31 Fla. 266, 12 South. Rep. 865; Boyd v. State, 33 Fla. 316. 14 South. Rep. 836; Bryant v. State. 34 Fla. 291, 16 South. Rep. 177; Hall v. State, 35 Fla. 534, 17 South. Rep. 638; Easterlin v. State, 43 Fla. 565, 31 South. Rep. 350; Gass v. State, 44 Fla. 70, 32 South. Rep. 109; Jones v. State, 44 Fla. 74, 32 South. Rep. 793; Bynum v. State, 46 Fla. 142, 35 South. Rep. 65; Webster v. State, 49 Fla. 131, 36 South. Rep. 584.

As was said by this court in Gladden v. State, 12 Fla. 562, "In motions of this character much must be left to the tribunal before which the parties are. Circumstances occurring in its presence often indicate whether such mo-

tions are in good faith, and a writ of error will not be sustained on account of the refusal of the court to grant a continuance unless it is a plain and palpable instance of the arbitrary and oppressive exercise of the discretion necessarily vested by law."

As we have already seen both from the application for a continuance itself as well as from the statement of the defendant's counsel to the trial court, the theory of the defense was that "defendant was mentally deranged so as to be unable to distinguish between right and wrong at the time of commission of the alleged offense," and the sole ground urged in the application for a continuance was that defendant might have an opportunity of taking on commission the testimony of certain witnesses residing in Georgia, where. the defendant formerly lived. The only affidavit in support of the motion was that of the defendant, and yet according to the statement made by his counsel the defendant was mentally unbalanced. Moreover, an examination of the application discloses that the testimony sought thereby to be elicited from the witnesses named therein was as to insanity having pre vailed among different members of defendant's family, and there was no showing made to the court that the de-. fense would offer any testimony to establish the fact of the insanity of the *defendant* at the time of the committing of the alleged crime by him. Without such testimony the materiality of the evidence sought to be elicited by the proposed interrogatories was not made to appear to the court. See State v. Hayward, 62 Minn. 474, 65 N. W. 63. It is further disclosed that the application was sworn to on the 26th day of October, 1905, and yet it was not presented to the court until the 28th day of October, two days thereafter and after the case had been called

for trial, no explanation or reason being given for the delay. In fact, although the information was filed on the 17th day of October, 1905, and the defendant was duly arraigned in open court on the same day and entered a plea of not guilty, no application for a commission to take the testimony of witnesses was made to the court until the 28th day of October, after the case had been called for trial, and no explanation is forthcoming as to the cause of this delay. There is no showing that defendant's counsel by reason of his recent employment in the case, business engagements, absence from the city, sickness of himself or family, or for any other cause, was unable to take action prior to the day of the trial in applying for a commission. In fact, counsel stated to the court that "Counsel assuming that this continuance would be granted made no immediate preparation for his trial at this time and is totally unprepared to enter into the same."

Under Section 2912 of the Revised Statutes of 1892 the application for a commission to take the testimony of absent witnesses should be made to the court by the defendant when he is arraigned. There is some slight contention here by the defendant under the first assignment of error that he had not been arraigned, but this contention is not borne out by the record, which expressly states that "on the 17th day of October, in the year of our Lord one thousand nine hundred and five, came the defendant, W. T. Clements, in his own proper person and being duly arraigned in open court to this information pleads not guilty." That the word "duly" when so used means according to law see the numerous authorities cited in Vol. 3 of Words & Phrases Judicially Defined, 2259 *et seq*. In his brief the defendant states that

he would argue the first assignment mainly in connection with the motion in arrest of judgment, forming the fifth assignment, which assignment is not even mentioned, much less argued, in the brief, therefore, we might well treat both the first and fifth assignments as abandoned under our rules. Moreover, the defendant's counsel both in his brief and oral argument before this court admitted that the defendant was arraigned in open court on the 17th day of October, as is shown by the record.

Section 2913 of the Revised Statutes of 1892 expressly provides that the order for issuing a commission to take testimony may be made by the judge either in term time or in vacation, so whether the court was in session or not after the 17th day of October prior to the October term, which convened on the 24th inst., the defendant could at any time have applied for the commission.

The defendant contends that under the decision of this court in Newton v. State, 21 Fla. 53, the court had no discretion to refuse the application for a commission, but that it issued as a matter of course, and that this entitled him to a continuance. We cannot agree to this contention. Undoubtedly the cited case holds that upon a proper compliance with all the requirements of the statute the judge has no discretion to refuse the commission, but it does not hold that the defendant may wait his pleasure after his arraignment before making his application. See Hodge v. State, 29 Fla. 500, 10 South. Rep. 556.

Under all the circumstances disclosed by the record we are not prepared to declare that the trial judge abused the discretion vested in him by law in refusing the defen-

dant's application for a continuance, therefore, the judgment must be affirmed, and it is so ordered, at the cost of the county of Duval.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.