Falk v. Kimmerle—Syllabus.

All concur, except PARKHILL, J., absent on account of illness.

WILLIAM M. FALK *et al., Plaintiffs in Error,* v. A. J. KIMMERLE *et al., Defendants in Error.*

1. In both civil actions and criminal prosecutions, it is within the judicial discretion of the trial court to permit the propounding of leading questions to a witness, and the exercise of that discretion is not reviewable by an appellate court.

2. It is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if·they in truth exist, every presumption being in favor of the correctness of the trial court.

3. Upon a writ of error, where all the evidence is not incorporated in the bill of exceptions, an appellate court is not warranted in holding that error was committed by the trial court in excluding proffered testimony, unless the relevancy and materiality thereof are clearly made to appear.

This case was decided by the court En.Banc.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Avery & Avery,* for Plaintiffs in Error;

*Jones & Pasco* and *Pattillo Cambell,* for Defendants in Error.

SHACKLEFORD, J.—This is an action of assumpsit in-stituted by the defendants in error against the plaintiffs in error, the declaration containing two counts, one in the sum of $257.21, with interest, for goods bargained and sold by the plaintiffs to the defendants, and the other for a like sum for money found to be due from the defendants to the plaintiffs "on accounts stated be-tween them," the damages being laid at $500.00. The plea filed by the defendants was "that they never were indebted as alleged except in the sum of $198.43." The case was submitted to a jury upon the issues as made by the pleadings and a verdict was rendered in favor of the plaintiffs for the sum of $216.23 with interest there-on at the rate of eight per cent. per annum from the 23rd day of April, 1907. Final judgment was entered by the court in accordance with the verdict, which judg-ment the defendants seek to have reviewed here by writ of error.

No point is made on the pleadings, and only two er-rors are assigned, each of which is based upon the testi-mony. It may be well to state right at the outset that all of the evidence is not brought before us.

The first assignment is based upon the overruling of the objection of defendants to an interrogatory addressed to two witnesses of plaintiffs, whose testimony was taken upon a commission which the plaintiffs had sued out. We find that the objection was interposed before the issu-ance of the commission, and that the only ground of ob-jection was that the interrogatory in question was lead-ing. This court has frequently held, in both civil actions and criminal prosecutions, that it is within the discretion of the trial court to permit leading questions, and the exercise of that discretion is not reviewable on writ of error. See Coker v. Hayes, 16 Fla. 368; Southern Ex-press Co. v. VanMeter, 17 Fla. 783, S. C. 35 Amer.

Falk v. Kimmerle—Opinion of Court.

Rep. 107; Anthony v. State, 44 Fla. 1, 32 South. Rep. 818; Schley v. State, 48 Fla. 53, 37 South. Rep 518; Reyes v. State, 49 Fla. 17, 38 South. Rep. 257; Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 South. Rep. 235. Still other decisions of this court may be found in the cases cited. This assignment is without merit.

The second assignment is as follows: "The court erred in refusing to permit the defendant, William Falk, to testify in regard to custom between jobbers in New York and their customers in regard to allowance of discount of one (1) per cent. in event of payment being made more than thirty (30) days in advance of the time when, under the terms of sale, such payment was required to be made." As we have already said, all the evidence is not before us. So far as is disclosed by the pleadings, the relevancy or materiality of any such custom, even if it could have been shown that the same existed among New York jobbers, is not made to. appear, consequently we cannot say that the court committed any error in its ruling. As we have repeatedly and uniformly held, it is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist; every presumption being in favor of the correctness of the rulings of the trial court. See Cross v. Aby, 55 Fla. 311, 45 South. Rep. 820, and authorities there cited.

Finding no error, the judgment must be affirmed.

All concur.