ATTAWAY MCKINNON, *Plaintiff in Error*, v. H. H. LEWIS, GARNISHEE, *Defendant in Error*.

1. The primary object of a writ of error is not to try the issues between the parties but rather to try the judgment rendered by the court below, to test the judgment by the law.

2. Upon a writ of error, the respective parties litigant are presumed to have had their day in court and to have had the points at issue between them fairly and impartially tried and determined in accordance with the law of the land. The final judgment rendered in the trial court is presumed to be correct, and this presumption must be met in the appellate court and overcome by the plaintiff in error.

3. Upon a writ of error, the plaintiff in error becomes the actor in the appellate court, whether he occupied the position of plaintiff or defendant in the court below, and upon him rests the burden. It is incumbent upon him to show that the different rulings of the trial court of which he complains, or some of them, are so infected with error as to call for and compel a reversal of the judgment. The mere fact that technical error was committed by the trial court in some of its rulings may not be sufficient; the errors must have been harmful or prejudicial to the rights of the plaintiff in error.

4.  A writ of error brings to the appellate court for review the different rulings made by the trial court, whether upon the pleadings or during the trial of the action, upon which errors have been properly assigned.

5.  It is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist, every presumption being in favor of the respective rulings of the trial court.

6.  In preparing assignments of error, each error relied upon, should be clearly and distinctly specified and separately assigned.

7.  A single assignment of error attacking a plurality of rulings of the trial court, whether upon the pleadings, the admission or rejection of evidence, or the giving or refusing of instructions to the jury, will be unavailing, unless all of such rulings so grouped en masse are erroneous, and the determination by an appellate court that one of the rulings so attacked is correct disposes of the assignment.

8.  Assignments based upon the exclusion of testimony to be available must be so presented to an appellate court as to make it appear that the excluded testimony was relevant and material, or otherwise proper to be admitted.

9.  Where a question to a witness to which an objection has been sustained on the trial does not itself indicate whether the answer to it will be material or pertinent evidence, the party seeking to introduce the evidence, in order to have such ruling reviewed upon writ of error, must make an offer of what he proposes to prove, so that both the trial and appellate court can determine whether the proposed evidence is material; otherwise he fails to make his alleged error to appear, and an appellate court will so declare.

10.  Errors assigned and not argued will be treated as abandoned. It is not sufficient merely to repeat the error assigned and state that in the opinion of counsel this constitutes error, or that an inspection of the evidence, or instructions, or of the record will show it to be error. Unless the error complained of

is so glaring or patent that no argument is needed to demonstrate it, the plaintiff in error should call the attention of the court to the specific grounds upon which he claims that the error is based, stating his reasons therefor, citing the authorities upon which he relies in support thereof, and, where reference to the record is necessary, should give the pages thereof.

11. Where it is apparent that no evidence has been submitted upon which the jury could lawfully find for the plaintiff, the trial judge may direct a verdict for the defendant.

This case was decided by Division A.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*D. L. McKinnon* for Plaintiff in Error;

*Paul Carter* for Defendant in Error.

SHACKLEFORD, J.—The plaintiff in error brought an action against William Augustus Lewis and Edward Clay Lewis, copartners as W. A. & E. C. Lewis and before the same had been prosecuted to final judgment caused a writ of garnishment to be issued and served upon H. H. Lewis, who filed an answer in which he denied any indebtedness or liability upon his part to the defendants in such action. The plaintiff traversed the answer of the garnishee and the issue thus formed came on for trial before a jury, which resulted in a verdict and judgment in favor of the garnishee. The plaintiff brings this judgment before us for review.

The transcript of the record is somewhat confused, but we have managed to glean from it the points sought to

be presented for determination. Nineteen errors are assigned, most of which are subdivided, such subdivisions being designated by the letters of the alphabet and in one instance extending from the letter a as far down as the letter v. It would be useless labor to discuss these assignments, with their subdivisions, in detail. The application of a few well settled principles will serve to dispose of them.

We have several times pointed out the functions of a writ of error. See the full discussion and authorities cited in the concurring opinion in Atlantic Coast Line R. Co. v. Benedict Pineapple Co., 52 Fla., 165, text 172, 42 South. Rep., 529, text 532; Hoopes v. Crane, 56 Fla., 395, text 421, 47 South. Rep. 992, text 1001; Pensacola Electric Co. v. Soderlind, decided here at the present term. As we have said, the primary object of a writ of error is not to try the issues between the parties but rather to try the judgment rendered by the court below, to test the judgment by the law. "It is not the action to be judged, but the judgment." See Allen, Ball & Co. v. Mayor, &c., 9 Ga., 286, text 293, and authorities there cited. The respective parties litigant are presumed to have had their day in court and to have had the points at issue between them fairly and impartially tried and determined in accordance with the law of the land. The final judgment rendered in the trial court is presumed to be correct, and this presumption must be met in the appellate court and overcome by the plaintiff in error. See Clements v. State, 51 Fla., 6, 40 South. Rep., 432, and authorities there cited. He becomes the actor there, whether he occupied the position of plaintiff or defendant in the court below, and upon him rests the burden. It is incumbent upon him to show that the different rulings of the trial court, or certain of them, are so infected with error as to call for and compel a reversal

of the judgment. The mere fact that technical error was committed by the trial court in some of its rulings may not be sufficient; the errors must have been harmful or prejudicial to the rights of the plaintiff in error. A writ of error brings to the appellate court for review the different rulings made by a trial court, whether upon the pleadings or during the trial of the action, upon which errors are assigned. But it is further true, as we have repeatedly held, that every presumption is in favor of the respective rulings of the trial court. See Ropes v. Stewart, 54 Fla., 185, 45 South. Rep., 31, and prior decisions of this court there cited; Cross v. Aby, 55 Fla., 311, 45 South. Rep., 820; Falk v. Kimmerle, 57 Fla., 70, 49 South. Rep., 504. This being true, it necessarily follows, as the cases just cited hold, that it is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist. We have also frequently pointed out the office of a bill of exceptions and how the same should be prepared. See Hoodless v. Jernigan, 46 Fla., 213, 35 South. Rep., 656, and prior decisions of this court there cited. We have also held that in preparing assignments of error each error relied upon should be clearly and distinctly specified and separately assigned. Williams v. State, 58 Fla., 138, 50 South. Rep., 749, and McMillan v. Warren, 59 Fla., 578, 52 South. Rep., 825. It is further true, as we held in these two last cited cases, that a single assignment of error attacking a plurality of rulings of the trial court, whether upon the pleadings, the admission or rejection of evidence, or the granting or refusing of instructions, will be unavailing, unless all of such rulings so grouped en masse are erroneous, and the determination by an appellate court that one of the rulings so attacked is correct disposes of the assignment. It is further settled law here

9—Vol. 60.

that assignments based upon the exclusion of testimony to be available must be so presented to an appellate court as to make it appear that the excluded testimony was relevant and material, or otherwise proper to be admitted. Wright v. State, 42 Fla., 239, 27 South. Rep., 863. "The rule in such cases is, that where a question to which an objection is sustained on the trial does not itself indicate whether the answer to it will be material or pertinent evidence or not, the party seeking to introduce the evidence must, in order to have the ruling reviewed on appeal, make an offer of what he proposes to prove, so that the trial and appellate court can determine whether the proposed evidence is material or not, otherwise he fails to make his alleged error to appear, and the appellate court will so declare." Boykin v. State, 40 Fla., 484, text 491, 24 South. Rep., 141, text 144, and McCall v. State, 55 Fla., 108, 46 South. Rep., 321.

An examination of the respective assignments discloses that nearly all of them must fall under one or the other of the above enumerated principles. Some are so slightly argued that they may be treated as abandoned. See Hoodless v. Jernigan, 46 Fla., 213, 35 South. Rep., 656, and authorities there cited, and Atlantic Coast Line R. R. Co., v. Dees, 56 Fla., 127, 48 South. Rep., 28. A majority of the assignments are predicated upon the exclusion of evidence which the plaintiff sought to introduce, but he has failed to make the relevancy and pertinency of such excluded evidence appear to us, so that we are unable to declare error in the rulings of the trial court thereon. In a number of instances the assignments are based upon the sustaining of objections interposed by the garnishee to questions propounded by the plaintiff to witnesses, but the relevancy of such questions does not appear on their face and we are not advised what the answers thereto would have been or what the garnishee expected to prove

by them, consequently we are again precluded from declaring error. One of the assignments is predicated upon the direction of a verdict for the garnishee. No error is made to appear here. As we said in Bass v. Ramos, 58 Fla., 161, 50 South. Rep., 945, "Where it is apparent that no evidence has been submitted upon which the jury could lawfully find for the plaintiff the judge may direct a verdict for the defendant."

There seems to be no occasion for further extension of this opinion. It is sufficient to say that we have found no reversible error, and that, under the principles which we have enunciated as settled law in this court, the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.