Covington v. Clemmons—Syllabus.

---

JOHN COVINGTON, *Plaintiff in Error,* v. D. A. CLEMMONS, *Defendant in Error.*

1. It is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist; every presumption being in favor of the correctness of the rulings of the trial court.

2. Where one of the assignments of error is that "the court. erred in refusing the motion to strike out all testimony in reference to the lease of the timber, because the lease was in writing and the writing was the best evidence," and the bill of exceptions does not show what question was propounded to the witness which elicited the testimony complained of, what objections were interposed thereto, what motion was made, or just what testimony was sought to be excluded, either by objection or motion, no basis is made to appear for such assignment and an appellate court is not placed in a position to pass intelligently thereon, so it can only declare that such assignment has not been sustained.

3. Assignments based upon the exclusion of testimony to be available must be so presented to an appellate court as to make it appear that the excluded testimony was relevant and material, or otherwise proper to be admitted.

4. The action of replevin is brought for the recovery of the pos-

session of personal property, and the actual title to such property is not necessarily involved therein, but the issue to be tried and determined is the right of possession to the property in dispute.

5.    The mere fact that technical error may have been committed by the trial court in instructing the jury as to the form of the verdict is not sufficient to call for and compel a reversal of the judgment, especially when such error was cured by the subsequent action of the court and no harm could have resulted to the losing party.

6.    Where a jury returns a verdict into .court which is not in proper form, and, before such verdict is entered in the record, the court instructs them to bring in a verdict in the form required by law, and directs that a proper form be prepared, which, being done, the jury retired and brought in their verdict in legal form, signed by their foreman, upon which judgment is entered, there is no error in the proceedings. A jury may vary or correct a verdict before they are discharged and before it is recorded; and a form of verdict prepared under the direction of the court, assented to by the jury, is sufficient.

This case was decided by Division A.

Writ of error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the court.

*Daniel Campbell & Son,* for Plaintiff in Error;

*C. M. Cox,* for Defendant in Error.

SHACKLEFORD, J.—This is an action of replevin instituted by the defendant in error against the plaintiff in error, to recover the possession of certain chattels. No

point is made on the pleadings, the declaration being in the usual form, to which the defendant filed a plea of not guilty. The cause came on for trial before a jury, which resulted in a verdict and judgment in favor of the plaintiff. This judgment is brought here for review by writ of error.

The first assignment is that "the court erred in refusing the motion to strike out all testimony in reference to the lease of the timber, because the lease was in writing and the writing was the best evidence." In the prefatory portion of the bill of exceptions we find the following:

"And the plaintiff, as a witness in his own behalf, testified concerning a lease on timber from the defendant to the plaintiff, and the defendant, by his attorney, objected to the said testimony, and moved the court to strike out all the testimony in reference to the lease of the timber because the lease was in writing and the writing was the best evidence. And the said judge denied the motion of defendant's attorney, to which ruling of the court the defendant did then and there except."

On examining the bill of exceptions, we find that the testimony of the witness is given in narrative form and nowhere therein does it appear what question was propounded to him, what objections were interposed thereto, what motion was made or what testimony was sought to be excluded, either by objection or motion. It is impossible for us to glean these facts from the bill of exceptions, consequently we are not placed in a position to pass intelligently upon the alleged error. We have repeatedly ruled that it is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist; every presumption being in favor of the correctness of the respective rulings of the trial court. See the discussion and the authorities col-

lected in McKinnon v. Lewis, 60 Fla. 125, 53 South. Rep.
940. We also held therein, in conformity with former
rulings, that, upon a writ of error, the plaintiff in error
becomes the actor in the appellate court, whether he oc-
cupied the position of plaintiff or defendant in the court
below, and upon him rests the burden. It is incumbent
upon him to show that the different rulings of the trial
court of which he complains, or some of them, are so
infected with error as to call for and compel a reversal
of the judgment. The mere fact that technical error was
committed by the trial court in some of its rulings may
not be sufficient; the errors must have been harmful or
prejudicial to the rights of the plaintiff in error. Upon
a writ of error, the respective parties litigant are pre-
sumed to have had their day in court and to have had
the points at issue between them fairly and impartially
tried and determined in accordance with the law of the
land. The final judgment rendered in the trial court is
presumed to be correct, and this presumption must be met
in the appellate court and overcome by the plaintiff in
error. In addition to the authorities cited in that opinion
to the like effect, see also Dibble v. Truluck, 11 Fla. 135,
text 137, and Frisbee v. Timanus, 12 Fla. 537, text 543.
Also see the full discussion and authorities collected in
Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656. We
have further held that if a question is propounded to a
witness which tends to elicit improper testimony, it is
the duty of the opposite party to object to it and obtain
a ruling on his objection. If improper testimony is given
in response to a proper question, the proper method of re-
moving it from the consideration of the jury is a motion
to strike it. If improper testimony is given in response
to an improper question to which no objection is made,
a motion to strike is the recognized mode of removing it,

but in such a case the granting or refusing of the motion is in the sound discretion of the trial court, and an appellate court will not disturb such ruling, unless an abuse of such discretion is shown.  Thompson v. State, 55 Fla. 189, 46 South. Rep. 842.  Also see Platt v. Rowand, 54 Fla. 237, 45 South. Rep. 32, and Putnal v. State, 56 Fla. 86, 47 South. Rep. 864.  We have also held in a number of cases that in both criminal prosecutions and civil actions a motion to strike out the entire testimony of a witness should be denied, if any part thereof is admissible for any purpose.  The motion should be confined specifically to the inadmissible portion.  Platt v. Rowand, *supra,* and Putnal v. State, *supra.*  As we have already said, we are not sufficiently advised as to the erroneous ruling of which complaint is made or in just what the alleged error consists.  See Cross v. Aby, 55 Fla. 311, 45 South. Rep. 820, and Seaboard Air Line Railway v. Harby, 55 Fla. 555, text 559, 46 South. Rep. 590, text 592.  We can only declare that this assignment has not been sustained.

The second assignment is as follows:  "The court erred in refusing to permit the witness Clemmons to answer the question propounded by defendant's attorney, to-wit,—"They (the logs) were not worth what you sold him the team for? and in sustaining the objection of plaintiff's attorney to the question."  All that we find in the bill of exceptions relating to this assignment is in the prefatory portion, which shows simply that such a question was propounded to the witness, to which the plaintiff's attorney objected, but the grounds of such objection are not stated, that the objection was sustained and an exception noted to such ruling.  What we have just said in treating the first assignment is likewise applicable here.  Also see McKinnon v. Lewis, 60 Fla. 125, 53 South. Rep. 940, wherein we held in line with previous

decisions, that assignments based upon the exclusion of testimony to be available must be so presented to an appellate court as to make it appear that the excluded testimony was relevant and material, or otherwise proper to be admitted. We also held therein that where a question to a witness to which an objection has been sustained on the trial does not itself indicate whether the answer to it will be immaterial or pertinent evidence, the party seeking to introduce the evidence, in order to have such ruling reviewed upon a writ of error, must make an offer of what he proposes to prove, so that both the trial and appellate court can determine whether the proposed evidence is material; otherwise he fails to make his alleged error to appear, and an appellate court will so declare. It necessarily follows that this second assignments fails.

The third assignment is as follows: "The court erred in charging the jury that the title to the property was not involved." We find that the paragraph of the charge actually given, to which this assignment is directed, was as follows:

"The actual title to the property is not necessarily an issue in a replevin suit, but it is the right to the possession of the property that is tried. The question to be tried in this suit is—who was entitled to the possession of these oxen and the log car and fixtures on the day when this replevin writ was levied. Was it the plaintiff or was it the defendant? The plaintiff by his declaration claims that he was entitled to the possession, and that the defendant was not entitled to the property. The defendant says by his plea that it is not true that plaintiff was entitled to the possession of them, and that defendant was detaining that possession unlawfully from the plaintiff. Incidentally you will also, in reaching a verdict, have to

fix the value of the property and the damages for deten-
tion."

We have held that the action of replevin is brought for
the recovery of the possession of personal property. See
Malsby v. Gamble, 61 Fla.    , 54 South. Rep. 766,
and prior decisions of this court there cited. ' The para-
graph of the charge complained of is not open to the ob-
jection urged against it, consequently this assignment
must fail.

The fourth assignment is based upon the following
paragraph of the charge of the court:

"If you find for the plaintiff, your verdict should be—
We the jury find for the plaintiff, and the number of dol-
lars damages that you find established by the testimony
that the plaintiff is entitled to for the time that the oxen
have been out of his possession since he made demand
upon the defendant for them, if he made such demand.
That is, the plaintiff would be entitled to damages for
the reasonable rental value of the oxen from the day that
he demanded their possession of the defendant, and was
refused, up until the present time, provided such damages
do not exceed the amount fifty ($50.00) dollars claimed
in the declaration."

Even if it be assumed that technical error was com-
mitted by the court in instructing the jury as to the form
of the verdict for the plaintiff, such error was cured by
the subsequent action of the court and no harm ensued
to the defendant. We find that the jury returned the
following verdict: "We the jury find for the plaintiff
and assess damages $1.00. So say we all." The following
proceedings were then had:

"And thereupon the said judge did request the plain-
tiff's attorney to prepare a form of verdict for the jury

assessing the value of the property, which verdict so prepared and returned into court by the jury was as follows:

D. A. Clemmons vs. John Covington. We the jury find in favor of the plaintiff we find the value of the property to-wit, three yoke of oxen, one log cart and fixtures, yokes and bows, to be $150, as admitted by the pleadings and we assess the rental value at one dollars, so say we all.

And the defendant objected to the filing of the second verdict, which objection was overruled by the court, to which ruling the defendant did then and there except, and defendant requested the court that the first verdict returned be filed also."

This action of the court in directing a proper form of verdict to be prepared furnishes the basis for the sixth assignment. That this action of the court was proper, see Coffee v. Groover, 20 Fla. 64.

The fourth and sixth assignments must fall with the preceding assignments.

The fifth assignment is predicated upon the refusal of the court to give two special instructions requested by the defendant. It is sufficient to say that an examination of such requested instructions shows that they were properly refused.

The seventh assignment, which is the last, is based upon the overruling of the motion for a new trial. The only grounds thereof which are argued are those which question the sufficiency of the evidence to support the verdict. After a careful examination of all the evidence adduced, we are of the opinion that it is amply sufficient to warrant the verdict returned.

Having found no reversible error, the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.