G. B. HEWETT, *Plaintiff in Error*, v. HENRY WESTER, *Defendant in Error*.

Opinion Filed June 27, 1916.

The action of replevin does not lie for the recovery of an amount which may be due the plaintiff from the defendant on account, but for the recovery of the possession of personal property, and in order to recover the plaintiff must show the right of possession to such property.

Writ of Error to Circuit Court, Jackson County; C. L. Wilson, Judge.

Judgment reversed.

*John H. Carter,* for Plaintiff in Error;

*Smith & Davis,* for Defendant in Error.

PER CURIAM.—This is an action of replevin which was instituted by Henry Wester against G. B. Hewitt to recover the possession of "ten acres of watermelons in field and some loaded on a car." The writ was issued and returned by the sheriff as having been executed by taking into his custody "the within described melons in car and in field." The defendant filed his forthcoming bond and also a plea of not guilty and the case came on for trial before a jury which resulted in a verdict in favor of the plaintiff to the effect that at the time of the institution of the action he was entitled to the possession of three cars of watermelons of the value of $329.85. Judgment was entered against the defendant and his sureties, which judgment is brought here for review.

The only error assigned is based upon the overruling of the motion for a new trial, which questions the sufficiency of the evidence to support the verdict. We are of the opinion that this error is well assigned. Very succinctly stated, the evidence adduced establishes that the plaintiff and defendant entered into a contract to the effect that the plaintiff was to buy all the watermelons which the defendant might plant and raise from eighteen pounds and up, delivered on the car, at the price of $40.00 a car. No money was paid on the contract. The plaintiff sold the defendant ten pounds of seed for $4.00, which was charged to the defendant on open account. When the melons began to mature, the defendant refused to sell and deliver the same to the plaintiff, whereupon he instituted this action of replevin. It is evident that the plaintiff has mistaken his remedy. As we have several times held, the

action of replevin is not brought for the purpose of recovering the amount which might be found to be due from the defendant to the plaintiff on account, but to recover the possession of the property in dispute.  Malsby v. Gamble, 61 Fla. 310, 54 South. Rep. 766.  Also see Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392, and Covington v. Clemmons, 61 Fla. 151, 55 South. Rep. 81.

Further discussion is unnecessary.  The judgment must be reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.